# IN RE DISBARMENT OF JULIUS E. DIESEN.[1]

## No. 25,989.

## September 30, 1927.

**Member of bar permitted to show that conviction of misdemeanor did not involve moral turpitude.**

1. Since in our disbarment statute a distinction is made between conviction for misdemeanors, a lawyer against whom disbarment proceeding is brought should have opportunity to prove, if he can, that offense charged did not involve moral turpitude and to show extenuating circumstances. [Reporter]

**Plea of guilty to indictment for violating federal income tax law involved moral turpitude.**

2. Record which showed on its face that attorney pleaded guilty in federal court to count in indictment against him charging wilful, unlawful and fraudulent attempt to defeat the federal income tax, which is a misdemeanor, would indicate moral turpitude was involved. [Reporter]

**Proceeding remanded to permit proof of extenuating matters in defense.**

3. Matter remanded to referee to hear respondent fully on his defensive or extenuating matters and report his findings thereon. [Reporter]

## January 6, 1928.

**Moral turpitude of offense requires discipline of respondent.**

4. The circumstances relating to the conviction of an attorney at law of an attempt to evade the federal income tax shows the conviction of a misdemeanor involving moral turpitude, and calls for discipline. [By the court]

Attorney and Client, 6 C. J. p. 586 n. 23 New; 6 C. J. p. 609 n. 10 New.

Proceeding for disbarment of Julius E. Diesen. The matter was referred to Honorable Julius E. Haycraft, judge of the seventeenth

[1]Reported in 215 N. W. 427, 217 N. W. 356.

judicial district, who reported the facts. Respondent suspended from practice for three years.

*Clay W. Johnson,* for state board of law examiners.

*O. J. Larson, A. L. Thwing* and *John E. Green,* for respondent.

On September 30, 1927, the following opinion was filed:

PER CURIAM.

The application is based upon respondent's conviction of a misdemeanor involving moral turpitude.

The record is incomplete. The referee certifies that by reason of an attached stipulation the hearing was not had. Respondent by the stipulation offered to prove, if a hearing were had, certain matters designated in the stipulation as paragraphs 8 to 19, inclusive, being substantially matters alleged in his answer, tending to prove that the misdemeanor of which he was convicted was not committed under such circumstances that the court should find that moral turpitude was involved, and that there were such matters in mitigation as might avoid disbarment or bear upon the punishment should respondent be subject to discipline, to which offer the petitioner would object as being not admissible for any purpose. No ruling was made and no testimony introduced. The stipulation showed a plea of guilty to one count in an indictment in the federal court charging him with wilfully, unlawfully, and fraudulently attempting to defeat and evade the tax imposed by the act of congress known as the revenue act of 1921. The offense charged was a misdemeanor.

On the face, the record would indicate that moral turpitude was involved. And it is difficult to conceive how a lawyer, having opportunity to consult with other lawyers of experience and ability, should plead guilty if some of the facts contained in the offer of proof are true. The court is of the opinion that, since in our disbarment statute a distinction is made between conviction for misdemeanors, the lawyer sought to be disbarred should have the opportunity of proving, if he can, that the offense was committed under circumstances not involving moral turpitude; and also full oppor-

tunity should be afforded him to offer extenuating matters which this court may consider on the question whether there should be disbarment or discipline.

For the reason stated the matter is remitted to the referee to hear respondent fully upon his alleged defensive or extenuating matters and such evidence as the petitioner may adduce to refute the same, said referee to make and report his findings of fact as originally directed.

On January 6, 1928, the following opinion was filed:

PER CURIAM.

Indicted in the federal court, respondent, Julius E. Diesen, an attorney duly admitted to practice law in this state, pleaded guilty to having wilfully and fraudulently attempted to defeat and evade the income tax imposed by the United States by deducting as expenses from his income $4,500 when no part of said sum had been paid. As a result of such conviction the board of law examiners instituted this proceeding to disbar respondent.

G. S. 1923, § 5697, provides that this court may remove or suspend an attorney, "(A) Upon his being convicted of a felony, or of a misdemeanor involving moral turpitude; in either of which cases the record of conviction shall be conclusive evidence." The charge to which respondent pleaded guilty and was sentenced to pay a fine of $2,500 and serve ten months in the county jail was a misdemeanor, 40 St. p. 336, c. 63, § 1209, as amended by 42 St. p. 268, c. 136, § 253, the punishment being up to a fine of $10,000, or imprisonment for one year, or both.

The circumstances connected with the act and the plea as found by Honorable Julius E. Haycraft, appointed referee herein to hear the evidence and report the facts, are in substance:

Respondent represented a number of persons pressing claims against railroads for fire losses growing out of the great conflagrations which passed over the northeastern part of the state October 12, 1918. In 1922 collections were being made upon these claims, resulting in a large net income to respondent. The expenses in-

curred were also great. On March 15, 1923, at the time the return of the income tax for the year 1922 was to be filed with the United States collector, respondent was a member of the legislature of this state then in session. The weekend before the date mentioned he went to his home in Carlton county to collect data so as to make the return; and as to how the item of $4,500 above referred to figured therein, the findings, condensed, are:

That respondent went to the home of one John C. Johnson and arranged with him to make a charge against respondent for services rendered in connection with the fire claims of $5,000, admitting a credit thereon of $500, leaving a balance due from respondent to Johnson of $4,500, no part of which has ever been paid to Johnson; that respondent advised Johnson to make a return to the government showing a receipt by him of this $4,500 as a taxable income, presented Johnson with a blank return, induced him to sign it, took his oath as notary public or as state senator, filled in the same showing receipt by Johnson of $4,500, computed the tax, gave his individual check to the collector of internal revenue at St. Paul, and filed Johnson's return with him; that respondent then prepared and filed his own income tax return, therein deducting as part of his expenses said $4,500, paying the one-quarter tax on the balance; that before the next quarterly instalment of the tax became due respondent, of his own volition and without being called upon by anyone from the income tax bureau or anyone in authority, corrected the return by adding said sum of $4,500 to his income and paid the tax, including penalty and costs, amounting to over $700 more than the amount he paid in behalf of Johnson, since by adding the $4,500 to his net income it exceeded $50,000 and took a higher rate; that when arraigned on the indictment he entered the plea of guilty; that his attorney, in seeking to mitigate the punishment, stated that the deduction was a mistake and not an intentional wrong, whereupon the presiding judge, Honorable John B. Sanborn, interrupted and informed him and his client that if such were the fact, the plea might be withdrawn, that the court would not receive a plea of guilty if respondent was not guilty or claimed to be not guilty; that the United States district attorney had said John C.

Johnson was in court at the time, and had advised respondent and his attorneys that Johnson was ready to testify to facts inconsistent with respondent's innocence; that the plea was entered after such information and consultations with his attorneys and was adhered to, and the sentence imposed.

In the indictment was another count for perjury in connection with the $4,500 item; but upon the plea of guilty of an attempt to evade the perjury count was nolled.

Respondent had held the office of county attorney; he had the counsel of experienced and able attorneys; the attitude of the court was made clear to him, that if he were not guilty of an intentional fraudulent attempt to evade the payment of his proper income tax his plea of guilty might and should be withdrawn and a trial be had. In that situation it is idle to urge that it was but a technical and unintentional mistake involved in the misdemeanor of which he was convicted. The circumstances of the offense and the situation under which respondent entered and allowed his plea of guilty to stand permit no escape from the conclusion that the misdemeanor for which sentence was imposed upon such plea was one involving moral turpitude. It would have been quite a different situation if respondent had simply deducted the $4,500 item in the belief that he owed that sum for past services, even though he had not paid Johnson when the return was made. But the transaction with Johnson and the filing of his return and payment of his tax cannot be explained upon any theory of mistake either of law or fact.

Respondent has been in active practice for 20 years. He has had the confidence of his community and has served the public in various positions of trust. No professional misconduct is laid at his door. Up to the time of this attempted offense he had borne a good character. While all this is no excuse for his dereliction but rather in aggravation thereof, we reach the conclusion that respondent should be disciplined by suspension for a period of three years rather than be permanently disbarred.

It is therefore ordered that Julius E. Diesen, respondent, having been convicted of a misdemeanor involving moral turpitude, be sus-

pended from the practice of law in this state for the period of three years.

Let judgment be entered accordingly.