## IN RE DISBARMENT OF PHILIP MOSES.[1]

June 24, 1932.

No. 27,881.

*Oscar G. Haugland,* for state board of law examiners.

*A. M. Gunn,* for respondent.

PER CURIAM.

This was an application for the discipline of Philip Moses, an attorney at law in this state. May 5, 1928, the respondent pleaded guilty to an indictment found against him and others by the grand jury of Hennepin county which charged the defendants with entering into a "pool, trust agreement, combination and understanding in restraint of trade within the state of Minnesota" in connection

[1] Reported in 243 N. W. 386.

with the cleaning and dyeing industry; that for the purpose of furthering the purposes of such pool the defendant conspired and agreed to compel dry cleaners and tailors in the Twin Cities to comply with the rules of defendants' association by duress, intimidation, and threats of violence; that for that purpose the defendants caused others to assault, beat, strike with fists and weapons persons whom he and his associates desired to intimidate, and by the casting of noxious bombs into the establishments of such persons to destroy the property of tailors who did not conform to the defendants' mandates. In brief, the indictment charged "racketeering" in its usual form. The respondent was alleged to be the manager of the conspiracy. He pleaded "guilty as charged" to this indictment and was sentenced to pay a fine of $1,000.

G. S. 1923 (1 Mason, 1927) § 5697, subd. 1, provides in part:

"An attorney at law may be removed or suspended by the supreme court for any one of the following causes arising after his admission to practice:

"(A) Upon his being convicted of a felony, or of a misdemeanor involving moral turpitude; in either of which cases the record of conviction shall be conclusive evidence."

Upon the hearing in these disciplinary proceedings the record of the respondent's conviction was admitted, and he offered no evidence tending to mitigate the punishment which this court might impose under its disciplinary powers.

The crime of "racketeering" is a menace to all government. It supplies with funds a large class of criminals who seek to be an invisible government more powerful and tyrannical than any legitimate one. Were it to be tolerated, no honest citizen would be safe in life, limb, or property, and all would be at the mercy of the criminal class. That a lawyer should be involved in such a criminal conspiracy as manager and as the planning intelligence characterizes him as a dangerous enemy of the very constitutions which he has sworn to support. The crime charged is subversive of all government and involves a high degree of moral turpitude.

In proceedings for disbarment on account of conviction of a felony, moral turpitude is not an element necessary to consider; but we consider it in this case as justifying the full exercise of our disciplinary powers.

The judgment and order of this court is that the respondent be disbarred.