# IN RE DISBARMENT OF JOHN J. BELL.[1]

January 20, 1933.

No. 29,139.

Oscar G. Haugland, for state board of law examiners.

There was no appearance made or brief filed on behalf of respondent in this court.

PER CURIAM.

This proceeding was brought upon the petition of the state board of law examiners for the discipline of John J. Bell, an attorney at law, residing at Minneapolis, Minnesota. The matter was referred to the Honorable Levi M. Hall, one of the judges of the district court of the fourth judicial district, to take the testimony and report findings. The board of law examiners appeared by its secretary. At the hearing before the referee the respondent Bell appeared in his own behalf. There was no appearance in his behalf before this court, but the secretary of the board presented a memorandum and statement of certain matters the respondent desired the court to consider.

On March 31, 1932, the respondent was convicted in the district court of Hennepin county of the crime of forgery in the second degree and was sentenced to the state penitentiary at Stillwater. The indictment charged the forging of an indorsement upon a check given by an administrator of an estate in which Bell was con-

[1]Reported in 246 N. W. 467.

cerned as attorney. The statute, G. S. 1923 (1 Mason, 1927) § 5697, makes the following a cause of disbarment:

"(A) Upon his being convicted of felony, or of a misdemeanor involving moral turpitude; in either of which cases the record of conviction shall be conclusive evidence."

The referee took testimony as to circumstances surrounding the conviction for such bearing as they might have in mitigation of discipline. See In re Disbarment of Moses, 186 Minn. 357, 243 N. W. 386; In re Disbarment of Diesen, 173 Minn. 297, 215 N. W. 427, 217 N. W. 356.

The respondent attorney offers testimony of previous good character. He offers as an excuse that he indorsed the check to reimburse himself for money which he had paid in the course of the administration of the estate. This matter was not offered on the trial of the indictment, for he pleaded guilty. There is nothing in proof of mitigation that should prevent the disbarment, and the judgment of disbarment will be entered.

Judgment of disbarment ordered.