# IN RE DISBARMENT OF ARTHUR T. CONLEY.[1]

April 13, 1933.

No. 29,160.

*Oscar G. Haugland* and *McNeil V. Seymour,* for state board of law examiners.

*Maurice A. Hessian* and *John J. McKasy,* for respondent.

PER CURIAM.

Proceeding by the state board of law examiners to disbar Arthur T. Conley, an attorney at law of this state.

It was charged in the petition and accusation herein that respondent was accused in the United States district court for the district of Minnesota of certain specified misconduct as set forth in an information filed by the United States district attorney and attached to and made a part of the petition; that a hearing was had thereon; and that respondent was convicted of contempt of court and disbarred from practicing as an attorney in the federal courts. The Honorable Frank E. Reed, a judge of the district court of the fourth judicial district, was appointed referee to take the evidence and report the facts.

The referee found that the information was filed and a hearing thereon had before two judges of the district court of the United States in and for Minnesota; that thereupon a judgment and order

[1]Reported in 248 N. W. 41.

was made that respondent was guilty as charged in the information; and that the judgment was affirmed by the circuit court of appeals of the United States, eighth circuit. Conley v. U. S. 59 F. (2d) 929.

G. S. 1923 (1 Mason, 1927) § 5697(A), provides for the removal or suspension by the supreme court of an attorney at law "upon his being convicted of felony, or of a misdemeanor involving moral turpitude; in either of which cases the record of conviction shall be conclusive evidence." This court has held that under this provision, upon proof by the record of conviction in the United States court, an attorney at law may be suspended or disbarred from the practice of law by this court. State Board of Law Examiners v. O'Neill, 137 Minn. 477, 163 N. W. 504; In re Removal of Henderson, 165 Minn. 53, 205 N. W. 454; In re Disbarment of Diesen, 173 Minn. 297, 215 N. W. 427, 217 N. W. 356; In re Disbarment of Sachs, 188 Minn. 94, 246 N. W. 662. So there is an established precedent that the record of conviction referred to in the quoted statute is not confined to a judgment of conviction in a state court or under a penal statute of the state.

But the question which confronts us is whether the judgment here offered and received over objection is a conviction of a felony or of a misdemeanor involving moral turpitude so that under the statute the record thereof is conclusive evidence thereof. No other evidence than this judgment was received, although respondent sought to introduce evidence in refutation of the charged contempt. In our opinion contempt of court is not a felony or a misdemeanor within the meaning of the statute above quoted. We think this statute refers to crimes prosecuted and tried in the usual and ordinary manner. The federal court in this very case against respondent, Conley v. U. S. (C. C. A.) 59 F. (2d) 929, 935, said:

" 'Contempt proceedings are sui generis, being neither civil actions nor prosecutions for offenses within the ordinary meaning of such terms, and technical accuracy in such proceedings is not required, and contention that information was bad for duplicity was therefore without merit.' Armstrong v. United States (C. C. A.) 18 F.

(2d) 371. * * * The power to punish for contempt inheres in all courts. Such proceedings are sui generis, and are neither 'civil actions nor criminal prosecutions, as ordinarily understood.' Myers v. United States, 264 U. S. 95, 44 S. Ct. 272, 68 L. ed. 577."

We therefore think the prosecution here could not rest on the record of the judgment of conviction of contempt. It was necessary to prove the misconduct charged by such evidence as was received in the federal court, and respondent was entitled to refute the proof of the petitioners.

By an act which will appear as L. 1933, p. 88, c. 79, G. S. 1923 (1 Mason, 1927) § 5697(A), was amended by adding at the end thereof the following: "but. this section shall not be construed 'to apply to a conviction for contempt of court." In view of the conclusions we have reached, this amendment need not be considered.

The matter is remanded to the referee to take the evidence and report findings.

STONE, JUSTICE (dissenting).

I agree that the conviction of contempt cannot be considered the equivalent of conviction either of felony or misdemeanor. I agree also that the statute (which somebody saw to it was rushed through the legislature contemporaneously with our consideration of this case, L. 1933, p. 88, c. 79) should be ignored. Of course it was entirely competent for the legislature to amend the former statute. But in my judgment it is not competent for them to tell us, if that was the intention, that we cannot discipline an attorney for contempt of court if the offense is so aggravated as to warrant such result.

All that aside and on the merits, my opinion is that when a member of our bar is disbarred in a federal court, after full and fair trial, he should at least and automatically be suspended in this court until he has gotten himself readmitted to practice before the court which has tried and disbarred him.