[S. F. No. 451. In Bank.—February 27, 1899.]

## In the Matter of the Disbarment of JOHN J. COFFEY.

DISBARMENT OF ATTORNEY — CONVICTION OF ATTEMPTED EXTORTION — MORAL TURPITUDE.—The crime of extortion involves moral turpitude, which also attaches to an attempt to commit that crime; and an attorney convicted of an attempt to commit the crime of extortion is subject to disbarment, under subdivision 1 of section 287, for conviction of a misdemeanor involving moral turpitude.

PROCEEDING in the Supreme Court in Bank for the disbarment of an attorney.

The facts are stated in the opinion of the court.

Joseph F. Coffey, for the Disbarment.

George W. Chamberlain, and John J. Coffey, *in pro. per.*, for Respondent.

GAROUTTE, J.—Section 518 of the Penal Code reads: "Extortion is the obtaining of property from another with his consent induced by a wrongful use of force or fear, or under color

of official right." Section 524 provides: "Every person who unsuccessfully attempts, by means of any verbal threat, such as is specified in section 519, to extort money or other property from another, is guilty of a misdemeanor." Section 287 of the Code of Civil Procedure declares: "An attorney and counselor may be removed or suspended by the supreme court or any department thereof, or by any superior court of the state, for either of the following causes arising after his admission to practice: 1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence."

John J. Coffey, an attorney of this court, has been convicted of the offense of attempted extortion as outlined by the aforesaid section 524. A certified copy of the record of his conviction was placed before this court, and, upon an order to show cause why he (Coffey) should not be removed as an attorney and counselor at law, he made answer as follows: 1. A certified copy of the record of conviction was not transmitted to this court within thirty days after the conviction was had, as required by section 288 of the Code of Civil Procedure; 2. A judgment of disbarment in addition to the fine imposed upon respondent would be violative of the constitutional provision that cruel or unusual punishment shall not be inflicted; 3. It does not appear, and it is not true, that the misdemeanor of which this respondent was convicted involved moral turpitude within the provision of section 287 of the Code of Civil Procedure, upon which this proceeding is based; 4. The police court in which this respondent was convicted had no jurisdiction to try the respondent for the alleged offense, and its proceedings therein were *coram non judice.*

We see no merit whatever in the first, second, and fourth defenses made by respondent in his answer, and they require no extended consideration. By the third defense it is insisted that the misdemeanor of which the respondent has been convicted does not involve "moral turpitude." This contention presents the only important question in the case. It must be true that, if the actual commission of an offense involves moral turpitude, then an attempt to commit that offense likewise involves turpitude. It therefore follows that, if the crime of extortion by any of the threats enumerated in section 519 of the Penal Code in-

volves moral turpitude upon the part of the extorter, then the attempt of this respondent to extort also involves moral turpitude. Bouvier defines turpitude as "everything done contrary to justice, honesty, modesty, or good morals." This definition is so broad that we are not compelled to approach its exterior limits in holding that turpitude is an ingredient of the crime of extortion. No one would contend that moral turpitude was not involved in the crime of robbery, yet extortion is but one degree removed from that crime. Under the statutes of England, extortion by a private individual was termed robbery, and punished as such; and an "attempt to extort" under the Penal Code of this state, by the statutes of some other states is made an "attempt to rob." In *People v. Barondess*, 61 Hun, 576, it is said: "Robbery is the unlawful taking against the will by means of force or violence or fear of injury, immediate or future, to one's personal property, while extortion is the obtaining with consent by similar means." In a note by the commissioners found under section 484 of the Penal Code, annotated, in speaking as to robbery, embezzlement, larceny, and extortion, it is said: "All four include the criminal acquisition of the property of another. In robbery this is accomplished by means of force or fear, and by overcoming or disregarding the will of the rightful possessor. . . . . In extortion there is again a taking. Now, this is with the consent of the party injured, but it is consent induced by threats or under color of some official right. . . . . Thus, extortion partakes in an inferior degree of the nature of robbery, and embezzlement shares that of larceny." In *People v. Griffin*, 2 Barb. 430, the court said: "Before the statute the act of obtaining money or property without a color or claim of right through means of threatening letters was not a subject of criminal recognizance; and yet it is apparent that such acts were as dangerous and accompanied with as much moral turpitude as the crime of robbery. In declaring the act a crime, and providing for its punishment, the legislature have with great propriety placed the offense in the same class with that of robbery; and in giving the statute an interpretation I think we should apply the same rule in respect to the intent with which the act is committed as we would in a case of the common-law offense of an intention to rob, in which the *lucri causa* must always characterize the act." It is thus appar-

ent that extortion is not an act innocent in itself and only wrong because prohibited by the statute law. Upon the contrary, it is an act inherently bad and vicious. It is a crime against property, and by the Penal Code of the state is so classified. Under the provisions of the code we find it in the company of arson, burglary, counterfeiting, larceny and embezzlement. They are bad and wicked companions, and by the company it keeps it must be judged.

For the foregoing reasons it is ordered that respondent, John J. Coffey, be removed from his office as attorney and counselor at law, and that his license to practice law in the courts of this state be revoked and set aside.

Harrison, J., Henshaw, J., McFarland, J., and Beatty, C. J., concurred.

Rehearing denied.