[L. A. No. 5629. In Bank.—July 3, 1918.]

## E. M. BARNES, Plaintiff, v. DISTRICT COURT OF APPEAL, SECOND APPELLATE DISTRICT, Respondent.

ATTORNEYS AT LAW—DISBARMENT — CRIME INVOLVING MORAL TURPITUDE—JURISDICTION OF DISTRICT COURT OF APPEAL.—Under subdivision 1 of section 287 of the Code of Civil Procedure, a district court of appeal has jurisdiction to remove an attorney from the roll and revoke his license to practice in this state upon the ground that he has been convicted of a crime involving moral turpitude.

ID.—RECORD OF CONVICTION—TRANSMISSION TO DISTRICT COURT OF APPEAL.—The jurisdiction of a district court of appeal to disbar an attorney who has been convicted outside of this state of a felony or misdemeanor involving moral turpitude, does not depend on the transmission by the clerk of the court in which the conviction is had of a copy of the record of conviction, since section 288 of the Code of Civil Procedure, requiring such transmission, obviously applies only to crimes committed in this state and to convictions in the state courts.

ID.—INITIATION OF PROCEEDING.—Section 289 of the Code of Civil Procedure, in prescribing the procedure for a removal under subdivision 1 of section 287 of that code, requires the court to which such jurisdiction is given to take proceedings necessary for that purpose upon the receipt of a certified copy of the record of conviction, and no accusation is necessary in such a case, for the provisions of sections 290 and 291, requiring a written accusation when the proceedings are "upon the information of another," refer only to the provisions of section 289 on that subject, and that provision applies exclusively to proceedings to disbar or suspend under the second, third, and fourth subdivisions of section 287, and do not apply to subdivision 1.

ID.—FILING OF RECORD IN COURT—JURISDICTION.—The filing in the district court of appeal of an authenticated copy of the record of the district court of the United States for the district of Alaska showing the conviction of an attorney in that court of the crime of mailing an obscene letter was sufficient to give the former court jurisdiction to proceed for his disbarment.

ID.—PROCEDURE—ADOPTION BY COURT OF MODE OF PROCEEDING.—The Code of Civil Procedure does not specifically point out a course of procedure to be followed in a proceeding under subdivision 1 of section 287 to remove or suspend an attorney upon his conviction of a felony or misdemeanor involving moral turpitude, and, therefore, under section 187 of the same code, the district court of appeal, being a court on which jurisdiction is conferred by that code, "may adopt any suitable process which may appear most conformable with the spirit of the code."

ID.—MAILING OBSCENE LETTER—CONVICTION IN UNITED STATES COURT —MOTION TO DISBAR—SUFFICIENCY OF NOTICE.—Where an authenticated copy of a record, showing the conviction of an attorney in the United States district court for the district of Alaska, of the crime of mailing an obscene letter, had been filed in the district court of appeal, and an attorney representing the bar association of a county thereupon presented to the district court of appeal a proposed notice of motion to remove the convicted attorney for that cause, an order fixing a period of three days' service of notice upon the accused before the time appointed for the hearing of the motion was not so unreasonable or oppressive as to deprive the court of jurisdiction.

ID.—CRIME COMMITTED OUTSIDE THE STATE.—Subdivision 1 of section 287 of the Code of Civil Procedure, prescribing conviction of a crime involving moral turpitude as a ground for disbarment of an attorney, is not confined to convictions had in the courts of this state.

REVIEW on Certiorari of an order of the District Court of Appeal for the Second Appellate District disbarring an attorney.

The facts are stated in the opinion of the court.

E. M. Barnes, *in pro. per.*, for Plaintiff.

Bowen & Bailie, for Respondent.

SHAW, J.—This is a proceeding to review and annul an order of the district court of appeal of the second district, directing that the name of E. M. Barnes be removed from the

roll of attorneys, and that his license to practice law in this state be revoked.

Barnes was admitted to practice in this state by an order of the supreme court made in the year 1880. On March 21, 1910, he was convicted in the district court of the United States for the district of Alaska for the crime of mailing an obscene and lascivious letter. In February, 1918, after due notice to him in that behalf, an attorney, acting for the Bar Association of Los Angeles County, appeared in said district court of appeal and moved for an order disbarring Barnes from practice in this state as an attorney, basing the motion upon the ground that Barnes had been convicted, as aforesaid, of said crime, and that a copy of the record of said conviction had been filed with said court. Barnes, although having been served with said notice, failed to appear in opposition to the motion, and thereupon the district court made the order now sought to be annulled, removing him from the roll of attorneys.

The complainant claims that the district court of appeal has no jurisdiction to make an order removing or disbarring an attorney because of his conviction by a court outside of this state, of a crime involving moral turpitude, unless an accusation is made against him in writing, duly verified by oath of some person, as prescribed by sections 290 and 291 of the Code of Civil Procedure.

Section 287 prescribes five grounds for the removal or the suspension of an attorney after his admission to practice. The first ground is the only one here involved. The introductory clause and the first subdivision of the section read as follows:

"An attorney and counselor may be removed or suspended by the supreme court, or any department thereof, or by any district court of appeal, or by any superior court of the state, for either of the following causes, arising after his admission to practice:

"1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence."

Sections 288 and 289 are as follows:

"288. In case of the conviction of an attorney or counselor of a felony or misdemeanor, involving moral turpitude, the clerk of the court in which such conviction is had shall,

within thirty days thereafter, transmit to the supreme court a certified copy of the record of conviction.·

"289. The proceedings to remove or suspend an attorney and counselor, under the first subdivision of section two hundred and eighty-seven, must be taken by the court on the receipt of a certified copy of the record of conviction. The proceedings under the second, third, or fourth subdivision of section two hundred and eighty-seven may be taken by the court for the matters within its knowledge, or may be taken upon the information of another."

Then follow sections 290 and 291, the former providing that "if the proceedings are upon the information of another, the accusation must be in writing"; the latter, that the accusation must be verified by the oath of some person to the effect that the charges therein contained are true.

It will be seen that the provisions of section 287 vest in the district court jurisdiction to make an order such as that complained of upon the ground that the attorney has been convicted of a crime involving moral turpitude, and that in such cases the record of conviction is conclusive evidence. Jurisdiction is thereby given positively. The only question which permits of doubt is the manner of its exercise. Section 288 does not require the clerk of the court in which a conviction is had to transmit a certified copy of the record to the district court of appeal. Consequently the jurisdiction of the district court of appeal to disbar an attorney for that cause does not depend upon the transmission of such copy by the clerk of the court in which the conviction is had. Obviously section 288 applies only to crimes committed in this state, and to convictions in the state courts. The legislature would have no authority to require the clerk of a court in another state, or of a court of the United States sitting in this state, to perform any act whatever, and the scope of that section must be confined to the officials of this state. The jurisdiction of the district court to disbar for this cause under section 287 does not depend upon the procedure given in section 288, but, as we have said, is given to it in positive terms and without qualification.

Section 289, in prescribing the procedure for a removal under subdivision 1 of section 287, requires the court to which such jurisdiction is given to take the proceedings necessary for that purpose upon the receipt of a certified copy of the

record of conviction. No accusation is necessary in such a case, for the provisions of sections 290 and 291 requiring a written accusation when the proceedings are "upon the information of another" refer only to the provisions of section 289 on that subject, and that provision applies exclusively to proceedings to disbar or suspend under the second, third, and fourth subdivisions of section 287, and do not apply to subdivision 1. There being no other provision of the code prescribing the procedure to be followed in the district court of appeal for the removal of an attorney under subdivision 1 of section 287, the case falls within the scope of section 187, which provides that when jurisdiction is conferred upon any court by the code, and the course of proceeding is not specifically pointed out by the code, or by statute, such court may adopt any suitable process or mode of proceeding which may appear most conformable with the spirit of the code. It appears from the record here that the authenticated copy of the record of the district court of the United States for the district of Alaska, showing the conviction of Barnes of the aforesaid crime, was duly filed in the district court of appeal. This, under section 289, was sufficient to give that court jurisdiction to proceed. Thereupon, following section 187, the court proceeded to adopt a mode of proceeding, that is, when an attorney, one of its officers, presented to it a proposed notice of motion to remove Barnes for that cause, to be made on February 5, 1918, it authorized the service of such notice on Barnes and directed that it be served at least three days before the time fixed therein for the making of the proposed motion. This notice was duly served upon Barnes, and in pursuance thereof the motion was made. It cannot be said that as a matter of law the period of three days was so unreasonable or oppressive that the court thereby deprived itself of jurisdiction to proceed. It is not contended that such is the case. It follows that the court had jurisdiction to make the order and that the proceeding adopted was sufficient to give jurisdiction of the person of Barnes.

There is no force in the argument that the provision of section 287, for disbarment on the ground that the attorney has been convicted of a crime involving moral turpitude, is confined to convictions had in the courts of this state. The language of section 287 is general, and it vests concurrent jurisdiction thereof in the supreme court, the district courts

of appeal, and the superior courts.   No provision whatever is made for the filing of a copy of the record of conviction in any court except the supreme court.   The reasons which induced the legislature to prescribe this as a ground for disbarment are as potent when applied to a conviction in a court of another state, or in a court of the United States, as when applied to a conviction in the courts of this state.   It was not because of the particular court which adjudges the attorney guilty, or the place where it sits, that the legislature saw fit to make that a cause for disbarment, but because of the bad moral character of such attorney, which the legislature deemed was conclusively proved by such record of conviction. No reason appears for the conclusion that the section should be held to apply only to convictions in the courts of this state.

The proceeding is dismissed and the order of the district court is affirmed.

Sloss, J., Wilbur, J., Melvin, J., Richards, J., *pro tem.*, and Angellotti, C. J., concurred.