## ARNOLD v. UNITED STATES.
### No. 7584.

Circuit Court of Appeals, Ninth Circuit.

Jan. 14, 1935.

Walter L. Tooze, Jr., Wilson H. Scott, and Robert T. Jacob, all of Portland, Or., for appellant.

Carl C. Donaugh, U. S. Atty., and Edwin D. Hicks, Asst. U. S. Atty., both of Portland, Or.

Before WILBUR and GARRECHT, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

The appellant was convicted upon the third count of an indictment charging him with willfully and knowingly failing to make return of income as provided by law for the calendar year 1930. The indictment recites the requirement of the statute that the return be made on or before the 15th day of March, 1931, and alleges that between the close of the calendar year of 1930 and the 15th day of March, 1931, the defendant willfully failed to make the return, and that on the 15th of March, 1931, he willfully failed and refused to make the return required by law. The indictment was returned on the 30th day of March, 1934. The defendant pled not guilty, and the case went to trial.

At the close of the evidence the defendant moved for a directed verdict of not guilty upon count 3, on the ground that the statute of limitations had run against the prosecution on that count, stating that: "The indictment shows that it was returned April, 1934 [March 30, 1934], whereas the time of filing this return was the 15th day of March, 1931, and the three year limitation would be the 15th of March, 1934." This motion was denied, and the request by the defendant that the jury be instructed to return a verdict of not guilty on count No. 3 was also denied. An alternative request was made by defendant for an instruction concerning the statute of limitations as follows: "The statute of limitations in this case, so far as Count Number Three is concerned, is three years. By Count Three of the indictment, the defendant is charged with the wilful failure to file an income tax return for 1930. You are instructed that under the law, if in fact defendant was required to file an income tax return for the year 1930, it was his duty to file same on or before the 15th day of March, 1931. If he made up his mind wilfully not to file this return on the 15th day of March, 1931, the statute of limitations would run against any prosecution for such offense upon the expiration of three years from that date, or on March 15th, 1934. If he had such intent prior to March 15, 1931, or subsequently thereto, the statute would commence to run as of the date he so made up his mind not to file such return. As to when he so made up his mind not to file such return, if in fact any return was required, is a question of fact for you to determine. The indictment in this case was not returned until the 30th day of March, 1934, or more than three years after March 15th, 1931, and therefore, if you find from the evidence that the defendant made up his mind and with wrongful purpose not to file the return at any time prior to the 15th day of

March, 1931, then it would be your duty to acquit the defendant upon Count Three of the indictment."

The court refused to give the requested instruction, but in lieu thereof gave an instruction on that subject in part as follows:

"Now as to time, it is not necessary that the government prove that the act was committed, if any, or the violation of the law, if any, was committed at the exact time named in the indictment. It is sufficient if it shall have been committed within the time described by the statute of limitations, and as to that, as to Counts One and Two, there is no question. As to Count Three, there is a slightly different situation. The statute of limitations in that case is three years. The indictment was returned upon the 30th day of March, 1934, and the return was first due, under the statute, on the 15th day of March, 1931. The statute of limitations is, as I say, three years prior to the finding of the indictment, and if therefore you should find that the violation if any, was committed over three years before the indictment was returned, then you would be required to find a verdict of not guilty upon Count Three. However, in that regard, I must instruct you that the filing of an income tax return, if required, under all the circumstances, is a continuing duty, and that the question of whether or not the defendant filed the tax return within the year 1931, was continuing upon him, and therefore if you find there was a violation of that, you will determine whether or not he failed to file the return within three years prior to the finding of the indictment. However, I take it that duty was only enjoined upon him during the year 1931.

"To the failure of the court to give said requested instruction Numbered IV above, and to the giving by the Court of the instruction as given, the defendant saved no exception."

The bill of exceptions states: "Evidence was introduced by the plaintiff in support of his plea of 'Not guilty' to said Count Three of said indictment. That for the purpose of this bill of exceptions, the only evidence in the record of said trial material to a consideration hereof, is the following:"

Then follows a brief statement to the general effect that in the year 1930 the defendant had a gross income exceeding $5,000, and was required under the act of Congress to file a return; that the defendant did not file an income tax return for the calendar year 1930, or on or before March 15, 1931, or at any other time, and has never filed an income tax return covering his gross or other income for the calendar year 1930, and that no return was prepared or filed for the defendant for said calendar year 1930, and that no request for an extension of time for filing the return was made or granted, and no delinquent return had been filed by or for the defendant and no assessment of tax had been made against the defendant for the calendar year 1930. The bill of exceptions states that: "At no step of the proceedings either prior to or during the trial of the above entitled action, did the defendant interpose or assert a plea in bar or other defensive plea predicated under the statute of limitations applicable to such matters, to-wit, 18 USCA § 585, as amended, except his plea of not guilty", and, "at no step on the trial of the above action did the defendant offer evidence, or was any evidence received, on the question of whether or not the said indictment was returned within the time permitted by and under the exceptions prescribed by 18 USCA § 585, which said exceptions serve to extend the statutory period of limitations under the three-year period noted in said enactment, nor was any such evidence received at the trial."

When did the statute of limitations begin to run? It is clear that the mere failure to file a return on the 15th of March did not constitute an offense, unless such failure was willful. Willfulness is an essential element of the crime with which the appellant was charged. Revenue Act 1928, § 146, 45 Stat. 835 (26 USCA § 2146); Hargrove v. U. S. (C. C. A.) 67 F.(2d) 820, 823, 90 A. L. R. 1276; U. S. v. McCormick (C. C. A.) 67 F.(2d) 867; U. S. v. Murdock, 290 U. S. 389, 54 S. Ct. 223, 225, 78 L. Ed. 381. In the latter case the Supreme Court said:

"The word [willfully] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But, when used in a criminal statute, it generally means an act done with a bad purpose [citing cases]; without justifiable excuse [citing cases]; stubbornly, obstinately, perversely [citing cases]. The word is also employed to characterize a thing done without ground for believing it is lawful [citing case], or conduct marked by care-

less disregard whether or not one has the right so to act [citing cases]. * * *

"The revenue acts command the citizen, where required by law or regulations, to pay the tax, to make a return, to keep records, and to supply information for computation, assessment, or collection of the tax. He whose conduct is defined as criminal is one who 'willfully' fails to pay the tax, to make a return, to keep the required records, or to supply the needed information. Congress did not intend that a person, by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct. And the requirement that the omission in these instances must be willful, to be criminal, is persuasive that the same element is essential to the offense of failing to supply information."

The Circuit Court of Appeals for the Sixth Circuit in Capone v. United States, 51 F.(2d) 609, 616, 617, 76 A. L. R. 1534, in construing a similar statute with reference to a willful failure to pay a tax (26 USCA § 1265), sustained the contention of the government that to constitute the offense charged it must be willful: "It is only when his nonpayment becomes willful that he violates the act. This last named issue—willfulness—is usually, and was in the instant case, an issue of fact and a question for the jury. As the statute of limitations does not begin to run until the offense is committed, it could not begin to run until the failure of the accused became willful. Therefore, the date when the failure became willful was also a material issue for the jury to determine."

The question is whether or not the fault of the appellant was willful and when it became such was a question to be determined by the jury upon the evidence. That evidence is not before us nor are the instructions of the court upon the subject incorporated in the bill of exceptions. The above-quoted instruction given by the court apparently omitted the element of willfulness. We must assume, however, in support of the verdict that the jury were fully instructed upon that subject. No exception was taken to the refusal of the defendant's proposed instruction.

The instruction given by the trial court on the statute of limitations was in substantial agreement with that proposed by the appellant and with the exception of the evidently inadvertent omission of the word "willful." As this defect was not pointed out to the court by an objection to the instruction, and as no exception was reserved thereto or to the rejection of the defendant's proposed instruction, the appellant is not entitled to further consideration of the question. Yenkichi Ito v. U. S. (C. C. A.) 64 F.(2d) 73; Stassi v. U. S. (C. C. A.) 50 F.(2d) 526.

Judgment affirmed.