[L. A. No. 14921. In Bank.—March 21, 1935.]

ALEXANDER L. OSTER, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Alexander L. Oster, *in pro. per.,* for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—This is a petition to review and annul the recommendation of the Board of Governors of The State Bar that the petitioner be suspended from the practice of law for a period of six months. Petitioner was charged by a notice to show cause, issued on December 6, 1933, with the commission, in the course of his relations as an attorney, of acts involving moral turpitude within the meaning of subdivision 5 of section 287 of the Code of Civil Procedure. The specific charge against petitioner was that out of the sum of $500 entrusted to him for the express purpose of paying the premium on a bail bond that petitioner was seeking to secure for his client, he misappropriated the sum of $200 for his own use and purposes. It is clearly shown by the record, and in fact it is not denied by petitioner, that a check for $500 was turned over to him to enable him to procure a bail bond for his client, one Carl Beatty, by E. V. Turner, a friend of Beatty's, a gambler who operated a gambling ship known as the "Monte Carlo" lying off the coast of Long Beach. We are satisfied from the evidence that at the time the check for $500 was turned over to him he had no agreement, written or oral, with Turner, whereby Turner agreed to pay any portion on his fee for services rendered by petitioner to Beatty. Notwithstanding this fact, petitioner, after an unsuccessful attempt to procure the bond for Beatty, returned $300 to Turner with a letter stating that he was retaining $200 as his fee for services. Upon complaint being made by Turner to the city attorney, petitioner during a conference held between himself and Turner and a deputy of the city attorney's office, gave to Turner

his check for $200 which was post-dated and which was subsequently dishonored by the bank upon presentation. Petitioner admits in his answer that this sum of $200 has not been repaid. Petitioner's only explanation of his conduct before the local administrative committee which held the hearing was that there was some sort of obligation, which he was not at liberty to divulge, resting upon Turner to finance the appeal of Beatty from the judgment of conviction rendered against Beatty in the superior court, and that because of this obligation of Turner to Beatty, he felt justified in deducting the sum of $200 as his fee from the sum of $500 entrusted to him for the purpose of paying the premium on a bail bond for his client. Whatever may have been the obligation, if any, upon Turner to finance the appeal of Beatty, in the absence of an agreement between Turner and petitioner that Turner should pay petitioner for services rendered to Beatty, petitioner was wholly unjustified in retaining for his own use any portion of the money delivered to him for another purpose. As above stated, the sum of $500 was turned over to petitioner for one purpose and one purpose only—to pay the premium on a bail bond for Beatty. The receipt for the $500 given by petitioner to Turner expressly provided that "Should bond not be obtained, the above sum will be returned." Petitioner's duty as an attorney at law required him to redeliver to Turner the entire sum of $500 intact. In failing to do so, he violated his oath as an attorney and was guilty of an act involving moral turpitude within the meaning of subdivision 5 of section 287 of the Code of Civil Procedure.

We are satisfied with the recommendation of the Board of Governors of The State Bar. It is ordered that the petitioner be suspended from the practice of the law in this state for a period of six months from and after thirty days after the filing of this order.