[Crim. No. 4246. In Bank.—November 14, 1939.]

In the Matter of the Disbarment of H. L. McALLISTER, an Attorney and Counselor at Law.

Klein & Clarke for Petitioner.

Philbrick McCoy for Respondent the State Bar of California.

CURTIS, J.—Upon the filing in this court by the clerk of the Superior Court of the County of Alameda, in pursuance

of section 288 of the Code of Civil Procedure, of a certified copy of the record of conviction of H. L. McAllister, the petitioner herein, of the crime of conspiracy to violate section 17 of the General Cemetery Act (Stats. 1931, p. 2434, as amended; Deering's General Laws, Act No. 1288), this court entered an order removing petitioner from his office as an attorney and counselor at law, it appearing to this court at the time of the entry of said order that the judgment of conviction had become final. Upon his petition, a rehearing of said matter was granted petitioner and the same is now before this court for decision.

The sole question for our consideration is whether the petitioner was convicted of a crime involving moral turpitude.

Section 17 of the General Cemetery Act provides that, "Every person . . . who shall sell, offer for sale or advertise any cemetery plot under representation that such plot is under perpetual care before a perpetual care fund has been established for the cemetery in which such property so sold, offered for sale or advertised is situated, shall be guilty of a misdemeanor."

Undoubtedly the violation of this section of said act would involve dishonesty if not fraud. To sell lots in a cemetery representing that they are under perpetual care when no provision had been established for such perpetual care would be a false representation and make the seller thereof liable in a civil action, and under said statute, render him subject to criminal prosecution. A conviction under said statute would manifestly be a conviction of a crime involving moral turpitude. (*In re Finch,* 156 Wash. 609 [287 Pac. 677]; *In re Comyns,* 132 Wash. 391 [232 Pac. 269].)

Moral turpitude is defined as "everything done contrary to justice, honesty, modesty, or good morals". (*Matter of Coffey,* 123 Cal. 522, 524 [56 Pac. 448]; *Lantz* v. *State Bar,* 212 Cal. 213, 218 [298 Pac. 497]; *Jacobs* v. *State Bar,* 219 Cal. 59, 64 [25 Pac. (2d) 401].) If the actual commission of an offense involves moral turpitude, then a conspiracy to commit such offense would involve moral turpitude. (*In re O'Connell,* 184 Cal. 584 [194 Pac. 1010]; *In re O'Connell,* 199 Cal. 538 [250.Pac. 390, 48 A. L. R. 1232]; *In re Shepard,* 35 Cal. App. 492 [170 Pac. 442].)

Petitioner seeks to avoid the effect of said judgment by reason of a statement made by the trial judge immediately

after pronouncing judgment against him. This statement was as follows: "The imposition of a fine rather than any county jail or state prison sentence was imposed for the reason that I do not believe that the defendant's license to practice law should be forfeited by reason of his conviction, and I have therefore treated the case as a misdemeanor. The crime of which the defendant has been convicted upon the eighth count is not, in my opinion, involving moral turpitude."

We cannot see that this statement of the trial judge could in any way change the character of the crime of which petitioner was adjudged guilty. The trial court by imposing a fine against the petitioner instead of committing him to the state prison made the offense of which he was found guilty a misdemeanor instead of a felony, but the penalty of disbarment or suspension of an attorney applies to the conviction of a misdemeanor involving moral turpitude as well as to a felony of the same character. (Subd. 1, sec. 287, Code Civ. Proc.) It might be well to state here that under section 182 of the Penal Code, the court was authorized after petitioner's conviction to sentence him to serve a term of imprisonment in a state penitentiary or county jail, or order that he pay a fine, or both.

Petitioner contends that this statement of the trial court was in effect a finding of the trial court that he was not guilty of an offense involving moral turpitude. But the trial court had no authority to make such a "finding", if we can use that term in referring to this statement, as the jury had already found to the contrary.

Whether petitioner was convicted of a crime involving moral turpitude or of one not involving moral turpitude was a question of law and not one of fact, and the prerogative to decide that question of law is with this court, upon the transmission to this court of the certified copy of the record of conviction by the clerk of the trial court, and not with the trial court.

In acting in this matter, this court is limited to the consideration of the record of conviction as certified to us by the clerk of the trial court, as section 287 of the Code of Civil Procedure makes said record conclusive evidence of petitioner's conviction. As this record conclusively shows that petitioner was convicted of an offense involving moral turpitude, and that the judgment of conviction is now final, we

have no alternative but to invoke and apply the law as in such cases made and provided.

It is, therefore, hereby ordered that said H. L. McAllister, be removed from his office as an attorney and counselor at law, and that he be precluded from acting as an attorney or agent of another, in and before all the courts, commissions, and tribunals of this state, and from holding himself out to the public as an attorney or counselor at law.

Shenk, J., Houser, J., Edmonds, J., Gibson, J., Carter, J., and Waste, C. J., concurred.