[Crim. No. 4277. In Bank.—May 27, 1940.]

In the Matter of the Disbarment of JEROME LYMAN RICHARDSON, an Attorney at Law.

Miguel Estudillo, Robert W. Kenny and Morris E. Cohn for Petitioner.

Philbrick McCoy for Respondent.

SHENK, J.—On October 28, 1939, the State Bar of California caused to be filed in this court a certified copy of the record of conviction of Jerome Lyman Richardson, in an action numbered 27812 in the District Court of the United States, in and for the Northern District of New York, entitled, *"The United States of America* v. *John L. Etheridge and Jerome Lyman Richardson."*

On November 8, 1939, pursuant to section 6102 of the Business and Professions Code (formerly section 299 of the Code of Civil Procedure), this court filed an order that Jerome Lyman Richardson, hereinafter referred to as the petitioner, be removed from his office as an attorney at law in this state. The order was based upon the purported showing that the petitioner was "convicted on a plea of guilty to count XI of the indictment, charging use of United States mails to defraud, in action numbered . . . 27812" in said United States District Court.

On petition for rehearing, the petitioner contended that he was not convicted of a charge of using the United States mails to defraud; that count XI of the indictment charged a violation of section 88, Title 18, United States Code, namely, a conspiracy to violate "section 338, Title 18, United States Code, by using and causing the use of the United States mails in furtherance of a scheme and artifice to defraud, and to violate section 77 (q) (a) (1), Title 15, United States Code, by employing a scheme and artifice to defraud in the business of selling and offering to sell securities by use of the means of transportation and communication in interstate commerce, and by use of the mails, in the manner and by the means hereinafter described." It is now disclosed that the petitioner's plea of guilty went only to the portion of count XI alleging conspiracy to violate said section 77 (q) (a) (1) of the Securities Act. The record also shows that the petitioner paid the fine of $500, which was the full penalty imposed.

The petition for rehearing was granted on the showing that the record filed and the subsequent order of this court based thereon were inaccurate as to the statement of the offense to which the petitioner had entered a plea of guilty. Later the petitioner presented a certified copy of an order of the court in New York, made and entered on November 22, 1939, amending its judgment in said action to conform to the plea and reading as follows:

"The defendant having been indicted and arraigned and pleaded guilty to the offense of unlawfully conspiring with others to violate the Securities Act, Title 15, Section 77 (q) (a) (1) of the United States Code; the Court now here, on motion of Andrew J. Culick, Esquire, Assistant United States Attorney, do adjudge and sentence the said defendant to pay a fine of Five Hundred Dollars or to stand committed to the Albany County Jail until said fine is paid."

It is stated by the petitioner that the plea of guilty to the extent indicated was agreed to by him at a time when he was ill and unable to undergo a trial without serious detriment to his health and danger to his life; that the judge imposing sentence on the plea of guilty expressed himself as unwilling to impose any penalty on the defendant Richardson in that action which would result in his being disbarred from practicing law in California. Included in the record herein is a copy of a statement signed by the Honorable Frank Cooper, Judge of the United States District Court above mentioned, which is in part as follows:

"Before Mr. Richardson took a plea of guilty to a charge of conspiring to violate the Securities Act, I permitted counsel for Mr. Richardson to make thorough inquiry as to whether or not such a plea and the imposition of a fine only without any commitment to any prison or jail would in California subject him to disbarment. When the plea was taken, counsel for Richardson read from a letter written by Judge Freeman of the Superior Court, Riverside County, California. I inferred from this letter that a plea of guilty to a conspiracy to violate the Securities and Exchange Act would not subject Richardson to disbarment if the fine did not exceed $500.00 and no prison sentence was imposed, since therefore no moral turpitude would be involved. . . .

"As indicated in my opinion in fining Judge Richardson $500.00, I did not believe he was at all as culpable as Mr. Etheridge, one of the co-defendants, whom I sentenced to a term in prison for a year and a month with a $500.00 fine . . . It was because I believed Mr. Richardson to be more neglectful and careless than actually a participant in the making of fraudulent statements that I only imposed a fine and did not sentence him to imprisonment or impose a jail sentence. When I imposed the fine, I personally felt that the punishment was sufficient and I did not believe his connection with

the conspiracy to violate the Securities and Exchange Act would under the laws of California subject him to disbarment.

"Under the circumstances, I feel I should make this statement on behalf of Mr. Richardson so that the Court, should it reconsider his disbarment, and I hope it does, would have all of the facts before it.

"It is represented to me that a statement of my reflections on the question of moral turpitude might only be considered if incorporated in the judgment which I signed. Until two years ago no sentence was signed in this District. For the past two years sentences have been signed but they have been confined to a mere statement of the Count or Counts of an indictment under which a defendant was convicted or pleaded. It should be clear, therefore, that any judgment imposing a sentence or fine signed by the Court would be no place for an expression of the Court's opinion on moral turpitude."

Counsel for the State Bar, in support of the order directing the petitioner to show cause why he should not be disbarred, issued when the petition for rehearing was granted, argues that the foregoing and other matters referred to by the petitioner may not be considered by this court on the question of moral turpitude; that that question is concluded by the record of conviction in the United States District Court, and that the offense of conspiring to violate the Securities Act (Title 15, sec. 77 (q) (a) (1), U. S. Code), to which the petitioner pleaded guilty, is an offense which on its face involves moral turpitude.

The petitioner points out that this court has recently stated that some violations of a law enacted under the police power to protect the public from fraudulent impositions in the sale or transfer of securities might conceivably be lacking in bad faith or dishonest intent and thus the element of moral turpitude be not involved in the commission thereof. (*In re Hatch*, 10 Cal. (2d) 147 [73 Pac. (2d) 885].) He contends that the face of the record in this case and the character of the penalty imposed do not indicate, as a matter of law, that the commission of the offense, to which a plea of guilty was entered, involved moral turpitude. He argues that if the offense itself might not involve moral turpitude, a conspiracy to commit the offense would not necessarily involve it. He also asserts that if, as a matter of law, the offense of which he was convicted does not necessarily involve moral turpitude,

this proceeding should therefore terminate. However, he has indicated his willingness to appear before the Board of Governors of the State Bar or its appropriate committee and submit to an examination and investigation on the question of moral turpitude. This court has approved such a course in cases of conviction if the question of moral turpitude on the face of the record appears to be doubtful. (*In re Hatch, supra.*) ■■■ True, if the conviction on the face of the record shows moral turpitude, then the record is conclusive of the matter (*In re McAllister,* 14 Cal. (2d) 602 [95 Pac. (2d) 932]), whether the offense be against a law of this or any other jurisdiction. (*In re Craig,* 12 Cal. (2d) 93 [82 Pac. (2d) 442].) In the Hatch case, it was determined that moral turpitude was conclusively shown by the record. The attorney in that case had been convicted of violation of the California Corporate Securities Act, by knowingly participating in the issuance and sale of securities without first having obtained the permit required by law. Referring to the record of conviction in that case, this court said:

"The trial court apparently concluded that the acts of the defendant were of such a serious and dishonest character that protection to society demanded that he should not, during the period of probation, engage in the investment business or handle the money of other persons. It would be anomalous to conclude that he should nevertheless be permitted to continue in the practice of the law during that period. The same reason for requiring that he be restrained from further engaging in the business of making investments for others or in handling the property of others is persuasive that the motive and intent with which he acted was such as to indicate turpitude in the commission of the offenses of which he was convicted. The record of conviction therefore is sufficient upon which to dispose of the proceedings herein finally without a reference to and investigation and recommendation by the board of governors of the State Bar as to whether the defendant's acts involved moral turpitude."

However, it was also said in that case: "There is necessarily a field of doubtful cases where the determination as to whether moral turpitude was involved may fall on one or the other side of the line, depending upon the circumstances of the particular case. . . . In some doubtful cases the record of conviction may not be sufficient upon which to base a de-

termination one way or the other on the question of moral turpitude, and appropriate action by the court may require a reference to the board of governors of the State Bar for an inquiry and recommendation. The State Bar is not deprived of jurisdiction in disciplinary proceedings to inquire into the fitness of an attorney to practice when a record of his conviction is on file with the court under section 287 et seq. of the Code of Civil Procedure. *Shafer* v. *State Bar*, 215 Cal. 706 [12 Pac. (2d) 957].''

If there be doubt from the face of the record of conviction that the offense of which the attorney was convicted involved moral turpitude, a reference to the State Bar for investigation and recommendation pursuant to the policy declared in the Hatch case would seem to be appropriate. The matters extraneous to the record would have no bearing in determining the question in the first instance, namely, whether the record of conviction shows that the offense involved moral turpitude; but they would be material if the record be doubtful on that question and to resolve the doubt an investigation either by the court or the State Bar would appear to be necessary. Here the certified record appears to be conclusive only of the fact of conviction. At least it does not preclude an examination by the court or by the State Bar of the question whether, under all the circumstances, moral turpitude was involved in the charge and plea.

That question in the present matter appears to be one for investigation and recommendation by the State Bar. That body is therefore directed to proceed accordingly and return its recommendation to this court on the issue whether the facts and circumstances surrounding the conviction of the petitioner on his plea of guilty disclose moral turpitude to have been involved in the commission of the offense.

It is so ordered.

Curtis, J., Carter, J., and Gibson, J., concurred.