[S. F. No. 16540.   In Bank.—April 29, 1941.]

ALBERTO MOURA, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Alberto Moura, *in pro. per.*, and Chauncey Tramutolo for Petitioner.

Felix T. Smith and Claude Minard for Respondent.

THE COURT.—The recommendation of The State Bar that the petitioner be disbarred is challenged by him in this proceeding to review its action. He contends that the penalty imposed upon him is too severe, considering the offense which he committed.

There is no dispute concerning the facts. The petitioner raised the check of a client from $6 to $6,000, cashed it and appropriated the money. He later pleaded guilty to a charge of forgery. Upon a showing that he had made full restitution of the money, the court suspended the imposition of sentence and placed him on probation for a period of five years upon condition, among others, that he refrain from the practice of law during that time.

Following the disposition of the criminal charge, The State Bar instituted disciplinary proceedings against him. Upon hearing the evidence, a local administrative committee adopted findings, which were approved by the Board of Governors, that he should be disbarred. The petitioner contends that because he was granted probation in the criminal case, the penalty in the disciplinary proceeding should be only a suspension of his license to practice law for the period of probation. The fact that he was placed on probation, says the petitioner, ''should be entitled to great weight and controlling importance''.

Ordinarily, the findings of a local administrative committee which have been approved by the Board of Governors will be followed by this court, although it is not bound thereby. In the present case the facts fully justify the recommendation which has been made. A member of the bar who appropriated $6,000 of his client's money by forging a check certainly does not have the ''good moral character'' which is required of an attorney at law by the statutes of this state (Bus. & Prof. Code, sec. 6062), and he lacks all appreciation of the principles of common honesty. Moreover, his past conduct should be considered in connection with the present charges against him. (*Kennedy* v. *State Bar*, 13 Cal. (2d) 236 [88 Pac. (2d) 920].) The fact that in 1937, disciplinary proceedings were instituted against the petitioner and he was privately reproved indicates that he has not fulfilled his professional obligations in the past. The penalty imposed upon an attorney at law for professional

misconduct is not only to punish the individual but to protect the public, the legal profession and the court (*Marsh* v. *State Bar*, 2 Cal. (2d) 75 [39 Pac. (2d) 403]), and the petitioner's abuse of his right to practice an honorable profession necessitates his removal from it.

It is ordered that the petitioner be disbarred and that his name be stricken from the roll of attorneys at law of this state.

Petitioner's application for a rehearing was denied May 26, 1941.