[S. F. No. 19053. In Bank. July 9, 1954.]

In re VINCENT W. HALLINAN for Disbarment of Member of State Bar of California.

Dreyfus, McTernan & Lubliner and Benjamin Dreyfus for Petitioner.

Gladstein, Andersen & Leonard, George R. Andersen, Norman Leonard, Charles R. Garry and James Martin MacInnis as Amici Curiae on behalf of Petitioner.

Garrett H. Elmore and Herman F. Selvin for Respondent State Bar.

TRAYNOR, J.—Vincent W. Hallinan was charged by indictment with violating section 145, subdivision (b), of the

Internal Revenue Code (26 U.S.C. § 145, subd. (b))\* by "willfully and knowingly fil[ing] false and fraudulent income tax returns." The jury found him guilty as charged on five counts of the indictment. The court sentenced him to 18 months imprisonment on each count, the sentences to run concurrently, and fined him $50,000. He did not appeal, and the time for appeal has now elapsed. The State Bar filed with this court a certified copy of the indictment and judgment of conviction, contending that it calls for Hallinan's disbarment under section 6101† and 6102‡ of the Business and Professions Code. These sections provide for the summary disbarment of attorneys who are convicted of "a felony or misdemeanor, involving moral turpitude. . . ." Hallinan objects to the entry of an order of disbarment and moves that the proceeding be dismissed on the grounds that he is being deprived of equal protection of the laws, that the term "moral turpitude" in sections 6101 and 6102 is too vague, uncertain, and indefinite to meet the requirements of due process of law, and that in any event the crime proscribed by section 145, subdivision (b), does not involve moral turpitude.

Hallinan has not made the required showing of discrimination to sustain his contention that he is being denied equal protection of the laws. (See *Snowden* v. *Hughes*, 321

---

\*"Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

†"Conviction of a felony or misdemeanor, involving moral turpitude, constitutes a cause for disbarment or suspension as provided in section 6102.

"The record of conviction shall be conclusive evidence and the clerk of the court in which the conviction is had shall, within thirty days thereafter, transmit a certified copy of the record of conviction to the Supreme Court. The proceedings to disbar or suspend an attorney shall be undertaken by the court upon receipt of the certified copy of the record of conviction.

"A plea or verdict of guilty or a plea of nolo contendere is deemed to be a conviction within the meaning of this section."

‡"Upon the receipt of the certified copy of the record of conviction of an attorney of a crime involving moral turpitude, the court shall . . . order the attorney disbarred when the time for appeal has elapsed or the judgment of conviction has been affirmed on appeal. . . .

"The other provisions of this article providing a procedure for the disbarment or suspension of an attorney do not apply to an attorney convicted of a crime involving moral turpitude, unless expressly made applicable."

U.S. 1, 8 [64 S.Ct. 397, 88 L.Ed. 497].) He has not directly challenged by appeal or otherwise the propriety of his prosecution and conviction for violating section 145, subdivision (b). Nor has he shown that others demonstrably guilty of violating that section have not been prosecuted, or that the section is administered discriminatorily against a class to which he belongs (See *In re Pearson*, 30 Cal.2d 871, 876-878 [186 P.2d 401]; *Snowden* v. *Hughes, supra,* 321 U.S. 1, 8; *Southern Ry. Co.* v. *Watts*, 260 U.S. 519, 526 [43 S.Ct. 192, 67 L.Ed. 375]; *Yick Wo* v. *Hopkins*, 118 U.S. 356, 373-374 [6 S.Ct. 1064, 30 L.Ed. 220].) [2] He claims that he is being discriminated against because the State Bar has failed to file with this court the records of conviction of other attorneys prosecuted for tax offenses. Information supplied by the State Bar shows that of the five attorneys involved, a record of conviction of violating section 145, subdivision (b), was filed in one case, but the attorney died before action was taken by this court, and in another an appeal is still pending. The State Bar has taken no action with respect to the remaining three, who were adjudged guilty of the offenses charged on pleas of *nolo contendere*. In view of *Caminetti* v. *Imperial Mut. L. Ins. Co.*, 59 Cal.App.2d 476, 490-492 [139 P.2d 681], holding that a plea of *nolo contendere* is not the equivalent of a plea of guilty and cannot be used in another proceeding as an admission against the person so pleading, the State Bar was justified in concluding that such a plea was not the equivalent of a "plea or verdict of guilty" within the meaning of section 6101 of the Business and Professions Code.*

█ Although the problem of defining moral turpitude is not without difficulty (see *In re Hatch*, 10 Cal.2d 147, 151 [73 P.2d 885]; dissenting opinion of Mr. Justice Jackson in *Jordan* v. *De George*, 341 U.S. 223, 232 [71 S.Ct. 703, 95 L.Ed. 886]; *Schmidt* v. *United States*, 177 F.2d 450, 451), it is settled that whatever else it may mean, it includes fraud and that a crime in which an intent to defraud is an essential element is a crime involving moral turpitude. (*Jordan* v. *De George, supra,* 341 U.S. 223, 227; *United States* v. *Reimer*, 113 F.2d 429, 431; *United States* v. *Day*, 51 F.2d 1022; *In re Crane* [Cal.], 189 P. 1072; see also *Ex Parte Wall*, 107 U.S. 265, 273 [2 S.Ct. 569, 27 L.Ed. 552]; *People* v. *Wisecarver*, 67 Cal.App.2d 203, 208 [153 P.2d 778].) █ It is also settled that the related group of offenses involving intentional dis-

---

*That section has since been amended to include pleas of *nolo contendere*. (Stats. 1953, chap. 44, § 1.)

honesty for purposes of personal gain are crimes involving moral turpitude. (*In re Rothrock,* 25 Cal.2d 588 [154 P.2d 392] [petty theft]; *Werner* v. *State Bar,* 24 Cal.2d 611 [150 P.2d 892] [attempted bribe and grand theft]; *Moura* v. *State Bar,* 18 Cal.2d 31 [112 P.2d 629] [forgery]; *Suspension of Hickman,* 18 Cal.2d 71 [113 P.2d 1] [grand theft]; *In re McAllister,* 14 Cal.2d 602 [95 P.2d 932] [conspiracy to violate the General Cemetery Act by misrepresenting cemetery lots offered for sale]; *Barton* v. *State Bar,* 2 Cal.2d 294 [40 P.2d 502] [attempted extortion]; *Oster* v. *State Bar,* 2 Cal.2d 625 [42 P.2d 627] [misappropriation of a client's funds]; *In re Shinn* [Cal.], 186 P. 772 [forgery]; *Matter of Coffey,* 123 Cal. 522 [56 P. 448] [attempted extortion]; *In re Thompson,* 37 Cal.App. 344, 348 [174 P. 86] [knowingly receiving property stolen from the mails]; see also *In re Rothrock,* 16 Cal.2d 449, 454 [166 P.2d 907, 131 A.L.R. 226].) The fraudulent acquisition of another's property is but another form of theft in this state. (Pen. Code, § 484.) ■ We see no moral distinction between defrauding an individual and defrauding the government (*United States* v. *Reimer, supra,* 113 F.2d 429, 430-431), and an attorney, whose standard of conduct should be one of complete honesty (*McGregor* v. *State Bar,* 24 Cal.2d 283, 288-289 [148 P.2d 865]), who is convicted of either offense is not worthy of the trust and confidence of his clients, the courts, or the public, and must be disbarred, since his conviction of such a crime would necessarily involve moral turpitude.

■ Conversely, if a conviction for any crime can be had without proof of facts showing moral turpitude, an attorney convicted of such a crime cannot be summarily disbarred under sections 6101 and 6102 of the Business and Professions Code. ■ Moral turpitude must be inherent in the commission of the crime itself to warrant summary disbarment under those sections. As we said in *In re Rothrock,* 16 Cal.2d 449, 454 [106 P.2d 907, 131 A.L.R. 226], an "attorney's name will not be stricken from the rolls where the *nature of the particular crime* does not reflect a bad moral character with respect to the duties of the attorney's profession." [Italics added.] (See *In re McAllister, supra,* 14 Cal.2d 602, 603-604.) ■ The language of the statute itself clearly indicates that an attorney can be summarily disbarred only when the *crime* of which he was convicted involves moral turpitude. Even if it is assumed that statements in the indictment or judgment of conviction describing conduct that goes beyond the essential elements of the crime charged are a part of the

"record of conviction," as the State Bar contends, the record of conviction is "conclusive evidence" only when the crime itself necessarily involves moral turpitude. ■ The provision that the record of conviction is conclusive evidence was inserted in the statute in order that this court could disbar an attorney, convicted of a crime involving moral turpitude, without giving him further notice or hearing. (*In re Collins,* 188 Cal. 701, 703, 706-708 [206 P. 990, 32 A.L.R. 1062].) ■ Only when an attorney is indicted for a crime the commission of which would in every case evidence a bad moral character, is the issue of moral turpitude tendered in the criminal trial. If an attorney could be summarily disbarred after conviction for a crime, the minimum elements of which do not involve moral turpitude, he would never have an opportunity to be heard on the issue on which his disbarment depends. ■ We must assume that every jury in a criminal trial is properly instructed to convict the defendant if they find the minimum elements of the offense charged, and it would be mere speculation to conclude in any case that a jury finds a defendant guilty of conduct alleged in the indictment, proof of which is unnecessary to his conviction, merely because the jury brought in a verdict of guilty.

A similar rule has been established by the federal courts. In proceedings for the deportation of aliens twice convicted of "a crime involving moral turpitude" (8 U.S.C. § 1251, subd. (a)(4)) it has been held that the crime of which the alien was convicted must necessarily involve moral turpitude to warrant deportation. (*United States* v. *Neelly,* 208 F.2d 337, 340-342; *United States* v. *Corsi,* 63 F.2d 757, 759; *United States* v. *Day, supra,* 51 F.2d 1022; *United States* v. *McCandless,* 28 F.2d 287, 288; see also *United States* v. *Carrollo,* 30 F.Supp. 3, 7; *United States* v. *Karmuth,* 1 F.Supp. 370, 373-376.) In these cases it is said that if by definition the crime "does not necessarily involve moral turpitude, the alien cannot be deported because in the particular instance his conduct was immoral. . . ." (*United States* v. *Day, supra,* 51 F.2d 1022; *United States* v. *Neelly, supra,* 208 F.2d 337, 341.) The "circumstances under which the crime was in fact committed" cannot be considered. (*Ibid.*) It has also been said that whether or not a crime involves moral turpitude does not depend upon "unnecessary adjectives" added to the indictment by a "zealous and over-careful prosecutor" (*United States* v. *Carrollo, supra,* 30 F.Supp. 3, 7), for such a holding would "make

of law an uncertain thing." (*United States* v. *McCandless, supra,* 28 F.2d 287, 288.)

*In re Hatch,* 10 Cal.2d 147 [73 P.2d 885], is not inconsistent with the rule that the crime of which an attorney is convicted must necessarily involve moral turpitude to warrant summary disbarment. The Hatch case was not a summary proceeding, since Hatch was given a hearing before this court and an opportunity to show that he was not guilty of moral turpitude.

The crucial question in the present proceeding, therefore, is whether or not an intent to defraud the United States is an essential element of the crime proscribed by section 145, subdivision (b), of the Internal Revenue Code. If an intent to defraud is not an essential element and a person may be convicted thereunder without proof of that intent or other conduct evidencing moral turpitude, an attorney convicted of that crime cannot be summarily disbarred. Since section 145, subdivision (b), is a United States statute, we must accept the interpretation given it by the United States courts. (*Urie* v. *Thompson,* 337 U.S. 163, 174 [69 S.Ct. 1018, 93 L.Ed. 1282]; *Anderson* v. *Atchison, T. & S. F. Ry. Co.,* 31 Cal.2d 117, 121-122 [187 P.2d 729]; *Caminetti* v. *Imperial Mutual Life Ins. Co., supra,* 59 Cal.App.2d 476, 490; see also *Hayashi* v. *Lorenz,* 42 Cal.2d 848, 852 [271 P.2d 18]; Op. Atty. Gen., No. 54/37, June 4, 1954, pp. 6-7.)

These courts have definitely held that an intent to defraud is not an essential element of section 145, subdivision (b), and that a conviction under that section does not necessarily involve moral turpitude. In *United States* v. *Scharton,* 285 U.S. 518 [52 S.Ct. 416, 76 L.Ed. 917], the defendant was indicted for violating section 1114(b) [now § 145, subd. (b)] for attempting to evade taxes by falsely understating taxable income. He contended that the general three-year period of limitations had expired and that the prosecution was therefore barred. The United States contended, however, that the special six-year statute of limitations applicable to offenses involving fraud or attempts to defraud the government was controlling. It urged, as the State Bar does in the present proceeding, that "fraud is implicit in the concept of evading or defeating; and [that] . . . [a]ny effort to defeat or evade a tax is . . . tantamount to and . . . possess[es] every element of an attempt to defraud the taxing body." (285 U.S. 518, 520-521.) The Supreme Court noted that many statutes expressly make an intent to defraud an essential element of the offense, and that under these statutes "an indictment

failing to aver that intent would be defective; but under § 1114(b) such an averment would be surplusage, for it would be sufficient to plead and prove a willful attempt to evade or defeat. (Citation.)'' (285 U.S. 518, 521.) The court held that the general three-year statute of limitations covering offenses not involving fraud was applicable. Subsequently the Scharton case was relied upon in holding that a statute (18 U.S.C.A. § 3287) suspending the statute of limitations during the period of hostilities in World War II for offenses "involving fraud or attempted fraud against the United States" did not apply to a violation of section 145, subdivision (b). (*United States* v. *Beard,* 118 F.Supp. 297, 303.) It has also been held that the crime stated in section 145, subdivision (b), is not an offense involving "moral turpitude" for purposes of a statute (8 U.S.C. § 1251, subdivision (a)(4)) authorizing the deportation of resident aliens twice convicted of such offenses (*United States* v. *Carrollo, supra,* 30 F.Supp. 3, 7; see also *United States* v. *Neelly, supra,* 208 F.2d 337, 340), and that the offense stated in section 145, subdivision (b), is not "inherently a crime," but is a crime *malum prohibitum.* (*United States* v. *Pendergast,* 28 F.Supp. 601, 609.)

Two years after the decision in the Scharton case, the Supreme Court in *United States* v. *Murdock,* 290 U.S. 389 [54 S.Ct. 223, 78 L.Ed. 381], had occasion to consider the meaning of the word "willfully" in section 145, subdivision (a), of the Internal Revenue Code.* In that case the defendant was indicted for "willfully" refusing to supply information about deductions claimed in his tax returns. He based his refusal on a claim of privilege against self-incrimination under state statutes, but the court had held on an earlier appeal (*United States* v. *Murdock,* 284 U.S. 141 [52 S.Ct. 63, 76 L.Ed. 210]) that the privilege could not be invoked. In defining the word "willfully" the court said that it "denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally

---

*Section 145(a) states that any person "who willfully fails" to pay his taxes, make a return or declaration, keep records, and supply information as required by law is guilty of a misdemeanor, while section 145(b) makes a willful attempt to evade or defeat a tax a felony. The United States Supreme Court has made it clear that the element imported by the word "willfully" is the same for both crimes, and that the difference between the two offenses is to be found in the "positive attempt" that is required to violate section 145(b). The difference is thus one between willful omission and willful commission. See, *Spies* v. *United States,* 317 U.S. 492, 497-499 [63 S.Ct. 364, 87 L.Ed. 418].

means an act done with bad purpose [citations]; without justifiable excuse [citations]; stubbornly, obstinately, perversely [citations]. The word is also employed to characterize a thing done without ground for believing it is lawful [citation], or conduct marked by careless disregard whether or not one has the right so to act [citations]." The court held that although the defendant's refusal to supply information was without legal justification, "the jury might nevertheless find that it was not prompted by bad faith or evil intent, which the statute makes an element of the offense." (290 U.S. 389, 394, 398 [54 S.Ct 223, 78 L.Ed. 381]; see also *Arnold* v. *United States*, 75 F.2d 144, 145-146.) A similar definition of the word "willful" as used in section 145, subdivision (b), has been given in a number of cases. (See *Spies* v. *United States*, 317 U.S. 492, 497 [63 S.Ct. 364, 87 L.Ed. 418]; *United States* v. *Martell*, 199 F.2d 670, 672; *Hargrove* v. *United States*, 67 F.2d 820, 823 [90 A.L.R. 1276].)

The foregoing cases establish that fraud is not an essential element of the offense proscribed by section 145, subdivision (b), that some measure of bad faith or evil intent is an essential element, but that such bad faith or evil intent, which can be inferred from evidence that the defendant acted without justifiable excuse, without ground for believing his acts were lawful, or in careless disregard of the lawfulness of his acts does not necessarily involve moral turpitude.

This conclusion finds support in the decisions of the courts of other states in proceedings to disbar attorneys convicted of violating section 145, subdivision (b). Although most of these states have provisions for summary disbarment similar to that of California, in none of them was disbarment ordered solely on the record of conviction without an independent investigation of the question whether the attorney's conduct involved moral turpitude. In *In re Diesen*, 173 Minn. 297 [217 N.W. 356], on which the State Bar relies, the court referred the proceeding to a referee to investigate the question of moral turpitude, and on the basis of his report suspended Diesen for a period of three years. The Supreme Court of Louisiana has established the practice of having a committee of the State Bar Association investigate the question of misconduct, when an attorney has been convicted of violating section 145, subdivision (b). (*Louisiana State Bar Assn.* v. *Steiner*, 204 La. 1073 [16 So. 2d 843, 847]; *Louisiana State Bar Assn.* v. *Connolly*, 201 La. 342 [9 So.2d 582, 592].) In the Connolly case, the State Bar Commissioner recommended that the pro-

ceedings be dismissed because Connolly had produced evidence to show that, despite his conviction, he was free of ''dishonest and improper conduct.'' The court accepted the recommendation, concluded that no moral turpitude was involved in Connolly's violation of section 145, subdivision (b), and dismissed the proceeding. (*Louisiana State Bar Assn. v. Connolly*, 206 La. 883 [20 So.2d 168, 170-172].) In *Rheb* v. *Bar Assn. of Baltimore*, 186 Md. 200 [46 A.2d 289] (1945), the Supreme Court of Maryland said by way of dictum (at 204) that a violation of section 145, subdivision (a) [wilful failure to file a tax return] involves moral turpitude,* but its holding was squarely based on a Maryland statute that directs summary disbarment for ''conduct prejudicial to the administration of justice.'' (186 Md. at 205.) The dictum in the Rheb case was relied upon in *In re Burrus*, —— Mo. —— [258 S.W.2d 625, 626] (1953), where the court found that a violation of section 145, subdivision (a), involved moral turpitude. The Missouri court, however, examined the evidence presented in the tax trial, concluded that there were extenuating circumstances, and suspended Burrus for a period of one year.

Although every conviction for violating section 145, subdivision (b), may not involve moral turpitude, some convictions may. In such cases discipline or disbarment should be imposed by nonsummary procedures. (Bus. & Prof. Code, § 6106 et seq.) When, as in the present case, it appears that an attorney, whose conviction does not warrant summary disbarment, might nevertheless have been guilty of acts involving moral turpitude, we have established the practice of referring the matter to the State Bar for an investigation of the question whether in the commission of the crime the convicted lawyer was guilty of misconduct that requires his suspension or disbarment. (*In re Rothrock, supra*, 16 Cal.2d 449, 454; *In re Richardson*, 15 Cal.2d 536, 541 [102 P.2d 1076]; *In re Boyd*, Bar Misc. 2205, Minute Order, March 17, 1954.) This court has inherent

---

*Citing *In re Diesen, supra.* It should be noted, however, that the Diesen case was decided before *United States* v. *Scharton, supra,* and that the statute under which Diesen was convicted specifically made fraud an element of the offense. The Maryland court also cited in support of its dictum, *In re Wiltsie*, 109 Wash. 261 (1920) in which an attorney was disbarred for soliciting business and filing false claims for exemption from selective service. *In re Peters*, 73 Mont. 284 (1925), also cited, was a disbarment proceeding based on Peters' conviction for filing false reports as an officer of a bank with intent to deceive the U. S. Comptroller of Currency.

power over the admission, suspension, and disbarment of attorneys (*Johnson* v. *State Bar,* 4 Cal.2d 744, 758 [52 P.2d 928]; *In re Lavine,* 2 Cal.2d 324, 327-328 [41 P.2d 161, 42 P.2d 311]), and in the exercise thereof can initiate disciplinary proceedings on its own motion (Bus. & Prof. Code § 6107) and, in so doing, it may adopt "any suitable process or mode of proceeding. . . ." (Code Civ. Proc., § 187; and see *Barnes* v. *District Court of Appeal,* 178 Cal. 500, 504 [173 P. 1100].)

The motion to dismiss is denied and the matter is referred to the Board of Governors of the State Bar for a hearing, report, and recommendation on the question whether the facts and circumstances surrounding the commission of the offense of which Vincent W. Hallinan was convicted involved moral turpitude or other misconduct warranting disbarment or suspension.

Shenk, J., Schauer, J., and Spence, J., concurred.

Carter, J., did not participate herein.