Per Curiam.

The respondent has violated Canons 29 and 32 of the Canons of Professional Ethics, as charged. The board found that the respondent had violated paragraph (5) (a) of Rule XXVII, as adopted by this court, in that he had been convicted of a crime involving moral turpitude. Respondent contends that he is not guilty of moral turpitude.
The question is whether the conviction, in itself, of an attorney for willful failure to file a federal income tax return constitutes moral turpitude so as to be in violation of paragraph (5) (a) of Rule XXVII.
There are two lines of cases on this subject — one holding that such conduct involves moral turpitude, and the other, that it does not. See annotation, 59 A. L. R. (2d), 1398.
In re Hallinan (1954), 43 Cal. (2d), 243, 272 P. (2d), 768, is the leading case supporting the theory that such conduct does not necessarily involve moral turpitude.
The court determined that the conviction, in itself, of an attorney for willfully and knowingly filing a false and fraudulent income tax return was not conclusive proof of the commission of an act involving moral turpitude.
It should be noted that in In re Hallinan the charge was for “filing a false and fraudulent return,” whereas, in the instant case, the charge is for “failure to file.”
A review of the cases in other jurisdictions leads this court to the conclusion that each of those cases was considered individually upon its merits, including mitigating circumstances involved and the previous standing and record of the attorney involved, and the court’s appraisal of his future conduct in the light of his past record.
Without expressing an opinion upon the question of whether the failure to file a return in one year, coupled with the mitigating circumstances in this case, would involve moral turpi *547 tude, this court is of the opinion that the continued failure to file returns for the years 1955, 1958 and 1959, including the failure to file a return during a period when respondent was on probation resulting from his conviction for a similar offense, is such intentional, willful and fraudulent conduct on the part of the respondent as to justify the discipline recommended.
The court in this case has also had the opportunity to observe and question the respondent during his oral argument before this court.
The objections to the recommendation of the board are overruled, and the recommendation of the board is confirmed.

Report confirmed and judgment accordingly.

Taft, C. J., Zimmerman, O’Neill, Griffith and Herbert, JJ., concur.
Gibson, J., dissents.
Matthias, J., not participating.