[S. F. No. 16934. In Bank. Dec. 29, 1944.]

In the Matter of the Disbarment of DONALD A. ROTH-ROCK, an Attorney at Law.

Donald A. Rothrock, in pro. per., for Petitioner.

Jerold E. Weil for Respondent.

THE COURT.—By a complaint filed in the Justice's Court of San Jose Township, Donald A. Rothrock, then a member of the bar of California, was charged with the crime of petty theft. On February 5, 1941, Rothrock pleaded guilty to the charge and was sentenced to a term of six months in the county jail. After he had served about three months of

that time, he was paroled for the purpose of receiving medical treatment at the Veterans' Bureau in Colorado.

In conformity with the provisions of the State Bar Act, a certified copy of the judgment of conviction was transmitted to this court which, on May 12, 1941, made an order disbarring Rothrock from practice. More than a year and one-half later, by a series of motions and petitions he challenged the validity of that order upon the grounds, generally stated, that the record of his conviction, as presented to this court, did not justify his disbarment. In support of one of these motions, he declares that petty theft does not necessarily involve moral turpitude. He also alleges that his crime, if any, was not petty theft and that the prosecuting officers, by overreaching him, induced him to enter a plea of guilty. At the time of committing the act and entering the plea, he continues, he was insane. Before ordering his disbarment based upon the conviction of petty theft, Rothrock asserts, this court should have afforded him an opportunity to appear and defend against any finding of moral obliquity, and by reference or otherwise, ascertained the facts concerning the offense for which he was prosecuted. In two other notices of motion he attacks the order of disbarment upon some or all of the same grounds.

The State Bar Act provides that the clerk of the court in which an attorney is convicted of a felony or misdemeanor involving moral turpitude shall transmit a record of such conviction to this court. A plea of guilty is deemed to be a conviction. If the judgment is final, proceedings to disbar the attorney shall be undertaken by the Supreme Court and the record of conviction shall be conclusive evidence. (Bus. & Prof. Code, §§ 6100, 6101, 6102.) Rothrock admits that he was disbarred upon a record of conviction submitted in accordance with these provisions, but he contends that the crime of petty theft does not necessarily involve moral turpitude. He insists that only upon a consideration of the evidence concerning the act for which he was convicted may that question be determined. .

In a proceeding recently brought by an attorney at law to avoid disbarment because of a judgment of conviction, the effect of the record was considered and it was held that whether a person has been found guilty of a crime involving moral turpitude is a question of law which this court must

decide. (*In re McAllister*, 14 Cal.2d 602, 603 [95 P.2d 932].) And as since stated, "if the conviction on the face of the record shows moral turpitude, then the record is conclusive of the matter." (*In re Richardson*, 15 Cal.2d 536, 540 [102 P.2d 1076].) More specifically, the court observed when passing upon the validity of an order disbarring Rothrock which was based upon his conviction of the offense of assault with a deadly weapon: "In cases such as those involving convictions of murder, forgery, extortion, bribery, perjury, robbery, embezzlement and other forms of theft, no difficulty would attend the determination of the question of moral turpitude from a consideration of the record of conviction alone." (*In re Rothrock*, 16 Cal.2d 449, 454 [106 P.2d 907, 131 A.L.R. 226].)

But because of the petitioner's assertions that he did not commit petty theft, and that the plea of guilty upon which the order of disbarment now under attack is based was made as the result of an agreement with the district attorney to accept responsibility for an offense not committed, this court referred the matter to The State Bar for the purpose of taking evidence and making findings of fact concerning the issue of moral turpitude. The committee of The State Bar to which the matter was assigned for hearing accorded Rothrock an opportunity to appear as a witness in his own behalf. He did not do so but presented a letter which was received in evidence. The committee took the testimony of the deputy district attorney who prosecuted Rothrock and the justice of the peace before whom he pleaded guilty. This evidence, with the record of the proceedings in the justice's court at the time of plea and sentence was presented to the Board of Governors, which made findings of fact substantially as follows:

On January 31, 1941, a complaint was filed against Rothrock in the Justice's Court of San Jose Township charging him with the commission of a felony. It was alleged that, with the intent to defraud one Mabel Beale, he drew a check in the sum of $5.83 upon the Bank of America, Colton branch, "knowing at the time that he had not sufficient funds in, or credit with, said bank to meet said check in full." There were at that time in the hands of the district attorney, three other checks, all of which had been drawn by Rothrock on the same bank, one to Hotel DeAnza for $25.07, one to Hotel

DeAnza for $3.00, and one to Mrs. Norma Butler for $12.01. Rothrock admitted to a deputy district attorney that he had used each of these checks to obtain money, and that he knew he had no money in the bank to cover them.

As the result of an arrangement described by the deputy district attorney as a "deal" which was made by him and counsel for Rothrock, a complaint charging the petitioner with petty theft was filed. This complaint was based upon Rothrock's act in obtaining $5.83 from Mrs. Beale but it did not mention the check as the means he had used to get the money. To this complaint Rothrock entered a plea of guilty and a sentence of six months' imprisonment in the county jail was thereupon imposed. The district attorney then dismissed the complaint charging a felony.

No promise was made by the deputy district attorney, or any other person, either to Rothrock or to his attorney that Rothrock would be given a suspended sentence. On the contrary, Rothrock was informed before he pleaded guilty that he would not be given a suspended sentence, and he knew that the result of his plea and conviction "might or would be suspension or disbarment." Also, after his plea was entered and before he was sentenced, he admitted to the justice of the peace that he had passed the four checks which have been mentioned. After being sentenced he asked permission to withdraw his plea of guilty, but permission was denied. The judgment of conviction was never revoked, vacated, or set aside, and it has become final.

Shortly after his conviction and sentence Rothrock filed in the superior court an application for writ of habeas corpus. At the hearing in that proceeding he repeatedly admitted having issued the checks and his application was denied. In the habeas corpus matter, and also in the proceedings before the justice's court, Rothrock was represented by counsel but not at all times by the same counsel.

Upon these findings the Board of Governors concluded that (1) Rothrock pleaded guilty to and was convicted of the crime of petty theft, involving moral turpitude, and (2) that the record in the case, including his applications for a writ of habeas corpus, "demonstrates, on the part of the respondent, a gross lack of honesty and good morals, and a gross disrespect for the principles of justice, honesty and good morals." The board further declared that, in its

opinion, the case is controlled by sections 6101 and 6102 of the Business and Professions Code, and recommended that the order of disbarment should stand.

The evidence presented to The State Bar abundantly supports the findings and conclusions of the Board of Governors. It may be conceded that conceivably a bank account might be innocently overdrawn through mathematical miscalculation and not in the commission of an act of moral turpitude. But this clearly is not such a case. The checks drawn by Rothrock and bank memoranda concerning them appear as exhibits in the record. They show that over a period of several days checks were drawn by Rothrock on a bank in which he had no account, and his acts in obtaining money by such means certainly amount to moral turpitude.

Considering the petitioner's complaint that he received no notice of the proceeding in this court which concluded with the order of disbarment, the statute makes no requirement for any notification to a convicted attorney that the record of conviction has been transmitted in conformity with its provisions. At one time, the Code of Civil Procedure authorized the removal or suspension of an attorney at law for "His conviction of a felony or midemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence." (Code Civ. Proc., § 287.) In construing that provision, which is substantially the same as the one which is now a part of the State Bar Act, this court said: "The only notice which the accused attorney is to have under that subdivision is that which he receives on the trial of the criminal charge of which he has been convicted. The law informs him that one of the results of his conviction will be his subsequent disbarment in the manner provided by the Code of Civil Procedure. This answers the constitutional requirement that he shall have due process of law before he can be deprived of his right to practice." (*In re Collins*, 188 Cal. 701, 708 [206 P. 990, 32 A.L.R. 1062].)

The other grounds relied upon by Rothrock in support of his motions to set aside the order of disbarment concern his mental condition at the time he pleaded guilty in the justice's court, and representations which, he asserts, were made to him at that time. The facts alleged by him might be appropriately stated as the basis for a proceeding in the justice's court, or in a court of equity, to set aside

the judgment of conviction but they cannot be considered by this court for the purpose of avoiding the effect of the record transmitted in conformity with the State Bar Act. If, for any reason, the judgment of the court below is vacated, the order based upon it will be without support and subject to further consideration. In the meantime, Rothrock must accept the consequences of the conviction.

The motions and the petitions are, and each of them is, denied.

Petitioner's application for a rehearing was denied January 25, 1945.