[No. S076968. Mar. 1, 2001.]

In re CRISTETA S. PAGUIRIGAN on Discipline.

**COUNSEL**

Pansky & Markle, R. Gerald Markle and.Ellen A. Pansky for Petitioner Cristeta S. Paguirigan.

Karpman & Associates, Diane L. Karpman and JoAnne Earls Robbins as Amici Curiae on behalf of Petitioner Cristeta S. Paguirigan.

Robert Rudolph for Jerome Berg as Amicus Curiae on behalf of Petitioner Cristeta S. Paguirigan.

Marie M. Moffat, Russell G. Weiner and Richard J. Zanassi for Respondent The State Bar of California.

## OPINION

**KENNARD, J.**—The Review Department of the State Bar Court recommends that this court summarily disbar petitioner Cristeta S. Paguirigan, who was convicted of forgery, a felony.

Petitioner acknowledges that her conviction meets the requirements of the summary disbarment statute. She contends, however, that this court's past decisions require an evidentiary hearing by the State Bar Court regarding the circumstances of the crime before recommending disbarment. She also argues that the summary disbarment statute violates the principle of separation of powers because it usurps this court's inherent authority over attorney discipline. Neither contention has merit.

I.

In 1984, California admitted petitioner Cristeta S. Paguirigan to the practice of law. In 1996, while representing a client in a civil matter, petitioner forged the signature of a witness on two declarations, which she then filed with the superior court as part of an opposition to motions for summary judgment. Thereafter, in a criminal proceeding, petitioner was charged with two counts of knowingly introducing a forged document into evidence. (Pen. Code, § 132.) In November 1997, she entered a plea of no contest to one felony count of forgery. (Pen. Code, § 470, subd. (a).)

In February 1998, the record of conviction was sent to the State Bar Court, which placed petitioner on interim suspension. (Bus. & Prof. Code, § 6102, subd. (a).) Upon finality of the conviction, the Review Department of the State Bar Court (Review Department), after briefing and oral argument, recommended that this court summarily disbar petitioner.[1] The Review Department rejected petitioner's argument that a summary disbarment recommendation could be made only after a hearing concerning the facts of her conviction.

In rejecting petitioner's argument, the Review Department reconsidered its earlier decision in *In the Matter of Segall* (Review Dept. 1992) 2 Cal.

---

[1] In the State Bar Court, nonconviction matters are handled in the Hearing Department and reach the Review Department only if, after completion of the proceedings, review is sought. Conviction matters, however, originate in the Review Department, which may order hearings in the Hearing Department on specific issues when necessary. (Rules Proc. of State Bar, rule 600 et seq.)

State Bar Ct. Rptr. 71. There, the Review Department stated that it would not recommend summary disbarment to this court if "Supreme Court precedent supports a lesser sanction than disbarment for the particular crime depending on circumstances which might be adduced at a disciplinary hearing." (*Id.* at p. 81; accord, *In the Matter of Salameh* (Review Dept. 1994) 2 Cal. State Bar Ct. Rptr. 729, 733.) In this case, the Review Department criticized that holding, explaining that *Segall* appears "to convert the process of considering summary disbarment recommendations into one potentially involving extensive evidentiary considerations and speculation as to what evidentiary facts might or might not be provable," contrary to this court's precedents. Accordingly, the Review Department recommended that this court summarily disbar petitioner.

We granted petitioner's petition for a writ of review.

## II.

Petitioner entered a plea of nolo contendere to one count of forgery, a felony. (Pen. Code, § 470, subd. (a).) An accepted plea of no contest results in a conviction under the summary disbarment statute. (Bus. & Prof. Code, § 6101, subd. (e).)[2] When petitioner committed the criminal acts leading to her conviction, subdivision (c) of former Business and Professions Code section 6102 (hereafter section 6102(c)) provided for *summary disbarment* of an attorney upon the finality of a felony conviction meeting these two criteria: "(1) An element of the offense is the specific intent to deceive, defraud, steal, or make or suborn a false statement. [¶] (2) The offense was committed in the course of the practice of law or in any manner such that a client of the attorney was a victim." (Stats. 1985, ch. 453, § 15, p. 1754.)[3] Petitioner's forgery conviction satisfies the summary disbarment requirements, and she does not argue otherwise.

██ Petitioner contends, however, that even when the statutory criteria for summary disbarment are met, our precedents require the State Bar Court to hold an evidentiary hearing on the circumstances of the crime before recommending disbarment to this court. The Review Department's failure to

---

[2] Unless otherwise indicated, all undesignated statutory references are to the Business and Professions Code.

[3] Section 6102(c) was amended in 1996, and became effective on January 1, 1997. The amendment deleted the requirement that the offense be committed in the course of the practice of law or in such a manner that a client was a victim, and it added moral turpitude as a ground for summary disbarment. Accordingly, the statute now provides for summary disbarment based on a felony conviction if "an element of the offense is the specific intent to deceive, defraud, steal, or make or suborn a false statement, or involved moral turpitude." (*Ibid.*)

order such a hearing, petitioner argues, invalidates its summary disbarment recommendation to this court.

As discussed below, the cases petitioner cites do not support her argument. Parenthetically, those cases were decided between 1939 and 1955, when section 6102 provided for summary disbarment (then commonly referred to as automatic disbarment) of any attorney only upon finality of a conviction for a crime involving *moral turpitude*.

In *In re McAllister* (1939) 14 Cal.2d 602 [95 P.2d 932], we rejected the view of the trial judge at sentencing in the criminal proceeding that the offense of conspiracy to sell cemetery plots by false representations did not involve moral turpitude, and we ordered the attorney disbarred. And in *In re Hallinan* (1954) 43 Cal.2d 243, 253 [272 P.2d 768], we held that the crime of willfully and knowingly filing false and fraudulent income tax returns did not necessarily involve moral turpitude, thus necessitating a hearing before the State Bar to determine whether the facts surrounding the offense indicated moral turpitude. At issue in both cases was whether the statutory criteria for summary disbarment had been met, a question not presented in this case and that we do not here address because, as we noted at the outset, petitioner acknowledges that her forgery conviction meets the requirements of the summary disbarment statute.

With respect to *In re Phillips* (1941) 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644] and *Suspension of Hickman* (1941) 18 Cal.2d 71 [113 P.2d 1], which like the two cases just mentioned involved crimes of moral turpitude, the issues related to the finality of the convictions, a question not presented here.

At first glance, our decision in *In re Rothrock* (1944) 25 Cal.2d 588 [154 P.2d 392], appears to support petitioner's argument. After finality of Attorney Rothrock's conviction for petty theft, the State Bar recommended that this court summarily disbar him. We noted that crimes of robbery, embezzlement and other forms of theft necessarily involve moral turpitude and therefore could be decided on the record of conviction alone. Earlier, however, we had ordered the State Bar to take evidence and make findings on the issue of Rothrock's moral turpitude "because of the petitioner's assertions that he did not commit petty theft, and that the plea of guilty upon which the order of disbarment now under attack is based was made as the result of an agreement with the district attorney to accept responsibility for an offense not committed . . . ." (*Id.* at p. 590.) Petitioner cites this statement as authority for her argument that the State Bar must hold an evidentiary hearing before it can recommend disbarment to this court. A closer reading of *Rothrock* proves petitioner wrong.

Attorney Rothrock had argued in this court that summary disbarment would be improper because his conviction for petty theft did not necessarily involve moral turpitude, an issue that could be resolved only by considering the circumstances of his offense. (*In re Rothrock, supra,* 25 Cal.2d at p. 589.) This court agreed that the commission of petty theft by drawing a check on an account with insufficient funds, as occurred in *Rothrock,* did not necessarily involve moral turpitude because the act could be done innocently, but it also concluded, based on evidence adduced at the State Bar hearing previously ordered, that Attorney Rothrock's acts were not innocently done. (*Id.* at p. 592.) In essence, the question in *Rothrock* was whether the statutory requirements for summary disbarment were met. By contrast, petitioner here acknowledges that her conviction for forgery satisfies the statutory requirements for summary disbarment.

As we observed earlier, the cases discussed above were decided during a period—1939 to 1955—when section 6102 provided for summary disbarment of an attorney only if convicted of a crime involving moral turpitude. Petitioner, however, also relies on a number of attorney discipline cases decided during a later period—1955 to 1986—when there was *no* provision for summary disbarment. Instead, section 6102 at that time provided for discipline "according to the gravity of the crime and the circumstances of the case." (Stats. 1955, ch. 1190, § 2, pp. 2201-2202.) Here petitioner is subject to a summary disbarment provision. Thus, the cases she cites from the period when there was *no* statutory provision for summary disbarment (e.g., *In re Kristovich* (1976) 18 Cal.3d 468 [134 Cal.Rptr. 409, 556 P.2d 771]; *In re Kreamer* (1975) 14 Cal.3d 524 [121 Cal.Rptr. 600, 535 P.2d 728]) do not assist her at all.

*Price v. State Bar* (1982) 30 Cal.3d 537 [179 Cal.Rptr. 914, 638 P.2d 1311], on which petitioner relies, is not on point. At issue there was section 6131, which requires disbarment of a prosecutor who takes "valuable consideration from or on behalf of" a criminal defendant in exchange for assistance. This court concluded that, given the 1955 amendments eliminating summary disbarment from section 6102, the Legislature must have intended to also eliminate summary disbarment from section 6131. Its failure to do so, we observed, was simply a matter of legislative oversight. (30 Cal.3d at p. 541, fn. 2.) We therefore did not order disbarment. Read in context, *Price* stands for the unremarkable proposition that summary disbarment will be imposed only when there is legislative authority for such a procedure.

Equally unavailing is petitioner's reliance on certain decisions this court rendered *after* the Legislature amended the statutory scheme effective January 1, 1986, to reinstate summary disbarment. (Stats. 1985, ch. 453, § 15, p.

1754.) Those cases, however, involved criminal acts committed *before* the amendment became effective. (E.g., *In re Ewaniszyk* (1990) 50 Cal.3d 543 [268 Cal.Rptr. 176, 788 P.2d 690]; *In re Aquino* (1989) 49 Cal.3d 1122 [264 Cal.Rptr. 833, 783 P.2d 192]; *In re Basinger* (1988) 45 Cal.3d 1348 [249 Cal.Rptr. 110, 756 P.2d 833].) That is not the scenario here.

We agree with the Review Department that when an attorney's felony conviction satisfies the requirements of the summary disbarment statute, the attorney is not entitled to a State Bar Court hearing to determine whether lesser discipline is called for. As discussed above, the decisions of this court do not compel otherwise.

## III.

We now turn to petitioner's contention that the summary disbarment provision of section 6102(c) is a legislative infringement on this court's inherent authority over attorney discipline, thus violating the principle of separation of powers. We disagree.

The Legislature has expressly acknowledged this court's primary authority over the discipline of attorneys. For instance, the Legislature's summary disbarment scheme specifically states that "[n]othing in this article limits the inherent power of the Supreme Court to discipline, including to summarily disbar, any attorney." (§ 6100.) Nor is the summary disbarment statute in conflict with judicially adopted rules. (See *Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 728-729 [147 Cal.Rptr. 631, 581 P.2d 636] [legislative enactment inconsistent with judicially adopted rule relating to admission to practice law "must give way"].) There is no question that this court fully retains its inherent judicial authority over the admission and discipline of attorneys. (*In re Attorney Discipline System* (1998) 19 Cal.4th 582, 599-600 [79 Cal.Rptr.2d 836, 967 P.2d 49].)

The Legislature's enactment of a statute relating to attorney discipline does not in and of itself infringe on this court's inherent authority in this area. As we recently observed: "We long have recognized the Legislature's authority to adopt measures regarding the practice of law. '[T]he power of the legislature to impose reasonable regulations upon the practice of the law has been recognized in this state almost from the inception of statehood.' (*Brydonjack* v. *State Bar* [(1929)] 208 Cal. 439, 443 [281 P. 1018, 66 A.L.R. 1507].) '[T]his court has respected the exercise by the Legislature, under the police power, of "a reasonable degree of regulation and control over the profession and practice of law . . ." in this state. [Citations.] This pragmatic approach is grounded in this court's recognition that the separation of

powers principle does not command a "hermetic sealing off of the three branches of Government from one another." [Citation.]' " (*In re Attorney Discipline System, supra,* 19 Cal.4th at p. 602, original brackets and ellipses.)

The Legislature provided for summary disbarment from 1872, when it enacted former Code of Civil Procedure section 299, until 1955, when it provided for disbarment "according to the gravity of the crime and the circumstances of the case . . . ." (Stats. 1955, ch. 1190, § 2, pp. 2201-2202.) Effective January 1, 1986, the Legislature reinstated summary disbarment. (Stats. 1985, ch. 453, § 15, p. 1754.)

Traditionally, we have respected the Legislature's reasonable regulation of the practice of law by providing, among other things, for summary disbarment under certain circumstances. (E.g., *In re Riccardi* (1920) 182 Cal. 675, 680 [189 P. 694] ["It has always been understood that conviction of an attorney of a felony or misdemeanor involving moral turpitude, made disbarment incumbent . . . ."]; *In re Phillips, supra,* 17 Cal.2d at p. 57 ["The language of section 6102 is mandatory in character and provides for the automatic suspension upon proof of conviction, and for automatic disbarment when the judgment of conviction becomes final."]; *In re Smith* (1967) 67 Cal.2d 460, 462 [62 Cal.Rptr. 615, 432 P.2d 231] ["Prior to 1955, petitioner's conviction of either grand theft or forgery would have resulted in his automatic disbarment."]; *In re Ford* (1988) 44 Cal.3d 810, 816, fn. 6 [244 Cal.Rptr. 476, 749 P.2d 1331] ["As we noted in *In re Wright* (1973) 10 Cal.3d 374, 376 [110 Cal.Rptr. 348, 515 P.2d 292], prior to 1955, an attorney convicted of grand theft from a client was automatically disbarred. With the 1985 amendments to the Business and Professions Code, effective January 1, 1986, those days will return."].)

We conclude that the 1985 summary disbarment statute to which petitioner was subject does not present one of those "rare occasions" when a legislative enactment significantly impairs our inherent power over attorney discipline. (*In re Attorney Discipline System, supra,* 19 Cal.4th at p. 603; *Hustedt v. Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 329, 338 [178 Cal.Rptr. 801, 636 P.2d 1139].)

Equally meritless is petitioner's assertion, first raised in her reply brief, that we delegated our inherent authority over attorney discipline to the State Bar Court, thus giving the State Bar Court discretion to conduct an evidentiary hearing even when, as here, the requirements of the summary disbarment statute are met, and to recommend to this court imposition of discipline less than disbarment. The first sentence of rule 951(a) of the California Rules of Court states that the "State Bar Court *shall* exercise statutory

powers pursuant to Business and Professions Code sections 6101 and 6102 with respect to the discipline of attorneys convicted of crimes." (Italics added.) Section 6102 is clear: Disbarment is mandatory if, as in this case, the felony of which the attorney is convicted meets the statutory requirements.

Petitioner nevertheless insists that the State Bar Court can hold an evidentiary hearing to determine whether discipline less than disbarment is warranted. In support, petitioner quotes this sentence in rule 951(a) of the California Rules of Court: "The State Bar Court shall impose or recommend discipline in conviction matters as in other disciplinary proceedings." Contrary to petitioner's assertion, it does not follow that because evidentiary hearings are held in cases not within section 6102(c), that they must also be held in cases that are within section 6102(c). The first sentence of Rule 951(a) directs the State Bar Court to "exercise statutory powers pursuant to Business and Professions Code sections 6101 and 6102 . . . ." The rule cannot be read, as petitioner argues, as authorizing the State Bar Court to ignore the summary disbarment mandate of section 6102(c), one of the very provisions it is directed to implement. Thus, when an attorney's conviction meets the criteria of section 6102(c), the State Bar Court must recommend summary disbarment to this court.

Petitioner also contends in her reply brief that the summary disbarment statute lacks fundamental fairness because it does not give the attorney an opportunity to be heard. We rejected this argument in *In re Prantil* (1989) 48 Cal.3d 227, 233 [255 Cal.Rptr. 890, 768 P.2d 109], where we said: "In *In re Collins* (1922) 188 Cal. 701, 707-708 [206 P. 990, 32 A.L.R. 1062], we upheld against a due process challenge the automatic disbarment provisions of former sections 287, subdivision 1, and 289 of the Code of Civil Procedure [later incorporated into sections 6101 and 6102]. At the time, those sections provided not only that guilt was to be conclusively presumed from the record of conviction of a crime involving moral turpitude, but also that disbarment was to be ordered upon final conviction without notice or opportunity to be heard before entry of the disbarment order. We stated: '[W]ith regard to a disbarment under subdivision 1, no notice or order is required or provided for. The only notice which the accused attorney is to have under that subdivision is that which he receives on the trial of the criminal charge of which he has been convicted. The law informs him that one of the results of his conviction will be his subsequent disbarment in the manner provided by the Code of Civil Procedure. This answers the constitutional requirement that he shall have due process of law before he can be deprived of his right to practice. The entire matter is involved in the criminal proceeding.' (188 Cal. at p. 708 . . .)" (Italics omitted.) We are not persuaded to the contrary by a recent decision of the Supreme Court of

Minnesota, in *In re Disciplinary Action Against Koss* (1997 Minn.) 572 N.W.2d 276, which petitioner has cited. Unlike California, Minnesota does not have a summary disbarment procedure. (*Id.* at p. 277.)

It is hereby ordered that Cristeta S. Paguirigan be disbarred from the practice of law and that her name be stricken from the roll of attorneys. Costs are awarded to the State Bar.

George, C. J., Mosk, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.