Filed 9/14/20  P. v. Lawson CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KIM LAWSON,<br><br>  Defendant and Appellant. | B299681<br><br>(Los Angeles County<br>Super. Ct. No. A790260-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Affirmed.

Patricia Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and Idan Ivri and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Kim Lawson appeals from the superior court's order denying his petition under Penal Code section 1170.95,[1] which allows certain defendants convicted of murder under a felony murder or natural and probable consequences theory to petition the court to vacate their convictions and for resentencing. Lawson argues that his petition stated a prima facie case for relief under the statute and that the superior court erred in ordering briefing and denying the petition without appointing him counsel.

We agree the superior court erred in ordering briefing without appointing counsel. The error, however, was harmless because the jury's verdict finding Lawson guilty of special circumstance murder in the course of a robbery required the jury to find Lawson had the intent to kill. Because under section 189, subdivision (e)(2), an aider or abettor who acts with the intent to kill may still be convicted of murder, Lawson is ineligible for resentencing under section 1170.95. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Convicts Lawson of First Degree Murder, and This Court Affirms*

In September 1986 Lawson, Kendall Patterson, and a juvenile went to a "rock house" where Gregory Williams, Gregory Fleming, and Jimmy Thomas sold cocaine. Patterson shot Williams in the forehead, and Williams collapsed on the floor. Patterson also shot Fleming, who survived and testified at trial.

---

[1]    Statutory references are to the Penal Code.

2

Fleming stated he saw Lawson straddle Williams's body, take money and a pendant, and say, "Is this all he got?" Lawson's juvenile companion said, "Gregory's not dead," and Lawson shot Williams in the chest at point-blank range.

The jury found Lawson guilty of first degree murder for killing Williams. The jury also found that Lawson committed the murder while he was engaged in the commission of a robbery and that Lawson personally used a firearm within the meaning of section 12022.5. The court sentenced Lawson to life in prison without the possibility of parole for the murder of Williams with robbery and firearm-use special circumstances.[2]

In February 1991 this court affirmed Lawson's conviction. Lawson did not argue in his direct appeal he did not have the intent to kill during the commission of the robbery.

B.     *Lawson Petitions for Resentencing Under Section 1170.95*

On January 3, 2019 Lawson, representing himself, filed a form petition under section 1170.95, asking the superior court to vacate his first degree murder conviction and to resentence him. In his petition Lawson checked boxes stating that he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019" and that "I was convicted of 1st degree felony murder and I could

---

[2]     The jury also convicted Lawson of the attempted murder of Fleming and found that Lawson personally used a firearm in the commission of the attempted murder of Fleming and that Lawson personally inflicted great bodily injury on Fleming within the meaning of section 12022.7. The jury also found Lawson guilty of the attempted murder of Thomas.

not now be convicted because of changes to Penal Code § 189." Lawson also checked the boxes stating, "I was not the actual killer," "I did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree," and "I was not a major participant in the felony or I did not act with reckless indifference to human life during the course of the crime or felony." Lawson also checked the box stating, "I request that this court appoint counsel for me during this re-sentencing process."

On March 12, 2019, without appointing counsel for Lawson, the superior court issued a minute order directing the People to file a response to the petition on or before May 13, 2019, ordering Lawson to "file any reply within 30 days of service of the People's response," and setting a status hearing on the petition for May 13, 2019. The superior court subsequently received portions of Lawson's trial record. The May 13, 2019 deadline came and went, and the People never filed a response.

After a member of Lawson's family made an informal inquiry about the status of Lawson's petition, the superior court held a hearing on June 3, 2019. Neither Lawson nor an attorney for Lawson appeared. A deputy district attorney appeared at the hearing, but he did not speak. The superior court stated that, based on the version of CALJIC No. 8.81.17 the trial court gave at Lawson's trial, the jury, by finding true the robbery special circumstance allegation, must have found Lawson had the intent to kill. The court stated: "The jury necessarily determined, based on the special [circumstance] finding, either that he was the actual killer, which seems to me to be what they did, since they found the personal use to be true. Or, even if there was some problem with him being the actual killer and only an aider

4

and abettor in the murder, they necessarily found by virtue of the special circumstance [finding] that he intended to kill. Either of those findings are sufficient to take him outside the scope of . . . [section] 1170.95, because he was either the actual killer or, if an aider and abettor, he acted with the intent to kill." The court, finding "no prima facie case has been established," ruled Lawson was ineligible for relief under section 1170.95 and denied Lawson's petition for resentencing "in its entirety." The court also vacated the order requiring the People to respond to Lawson's petition and denied Lawson's request for counsel. Lawson timely appealed.

## DISCUSSION

A.    *Applicable Law*
Senate Bill No. 1437, effective January 1, 2019, amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); see *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, review granted Mar. 18, 2020, S260598 (*Lewis*).)[3]  Senate Bill No. 1437 added section 1170.95, which provides that a "person convicted of felony

---

[3]    The Supreme Court in *Lewis* limited briefing to the following issues:  (1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95?  (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?

5

murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. . . .  [¶] (3)  The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a); see *Lewis,* at pp. 1135-1136.)

Senate Bill No. 1437 added section 189, subdivision (e), which provides:  "A participant in the perpetration or attempted perpetration of a felony . . . in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1)  The person was the actual killer.  [¶]  (2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ."

Section 1170.95 prescribes the process the court must follow in ruling on a petition for resentencing. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 327, review granted Mar. 18, 2020, S260493 (*Verdugo*).)[4]  First, the petitioner submits a petition for relief, which includes a declaration he or she is eligible for relief

---

[4]  The Supreme Court in *Verdugo, supra*, S260493 ordered briefing deferred pending its disposition of *People v. Lewis, supra*, S260598.

6

and a request for counsel, if any. (§ 1170.95, subd. (b)(1); *Verdugo,* at p. 327.)

Second, before ordering briefing, the superior court determines whether the petitioner has made a prima facie showing he or she is eligible for resentencing. (§ 1170.95, subd. (c); *Verdugo, supra*, 44 Cal.App.5th at p. 328.) In making this determination, the court may consider the record of conviction and readily available documents in the court file, including the charging information and jury instructions. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 908, review granted Aug. 12, 2020, S263219 (*Tarkington*); *People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 8, 2020, S262481 (*Edwards*).) An unpublished court of appeal opinion is part of the record of conviction. (*Verdugo,* at p. 333; *Lewis, supra*, 43 Cal.App.5th at p. 1138.)

The court may summarily deny a petition under section 1170.95 based on the court's review of the record of conviction. (*Edwards, supra*, 48 Cal.App.5th at p. 674; *Verdugo, supra*, 44 Cal.App.5th at p. 333; *Lewis, supra*, 43 Cal.App.5th at p. 1138.) The court may deny a petition at this stage of the proceedings if the record of conviction includes "information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding [Senate Bill No.] 1437's amendments to sections 188 and 189." (*Verdugo,* at p. 330.) Alternatively, if information "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2); see *Edwards,* at p. 672.) If the petitioner

7

requested counsel, the superior court's duty to appoint counsel does not arise unless and until the court makes the threshold determination that petitioner "'falls within the provisions'" of the statute.  (*Lewis,* at p. 1140; see *Verdugo*, at p. 332 ["The structure and grammar of [section 1170.95, subdivision (c),] indicate the Legislature intended to create a chronological sequence: first, a prima facie showing, thereafter, appointment of counsel for petitioner; then, briefing by the parties."]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 (*Cornelius*) [superior court is not statutorily required to appoint counsel if the petitioner "is indisputably ineligible for relief"], review granted Mar. 18, 2020, S260410.)

Third, if the court determines after reviewing the record of conviction the petitioner is not ineligible as a matter of law, the court appoints counsel for the petitioner if requested, directs the prosecutor to file a response within 60 days, and permits the petitioner to file a reply within 30 days of receiving the prosecutor's response.  (§ 1170.95, subd. (c); *Verdugo, supra,* 44 Cal.App.5th at p. 332.)  If the petitioner makes the prima facie showing he or she is entitled to relief, the superior court must issue an order to show cause.  (§ 1170.95, subd. (c).)  Finally, "[w]ithin 60 days after the order to show cause has issued, the court shall hold a hearing" to determine whether to resentence the petitioner.  (§ 1170.95, subd. (d)(1); see *Verdugo,* at p. 327.)  The court should not issue an order to show cause or have a hearing "unless the court first determines a prima facie showing of entitlement to relief."  (*Edwards, supra*, 48 Cal.App.5th at p. 673.)

8

B.       *The Superior Court Erred in Ordering Briefing and Scheduling a Hearing Without Appointing Counsel*

Lawson filed his petition on December 18, 2018, alleging he was eligible for resentencing under the changes to section 189. Lawson did not attach any supporting documentation to his petition.  On March 12, 2019, without appointing counsel for Lawson, the court issued an order directing the People to file a response to the petition by May 13, 2019 and ordering Lawson to file a reply within 30 days of the People's response.  The court also set a status conference on the petition for May 13, 2019, the same day the People's briefing was due.

As discussed, section 1170.95 authorizes the superior court to consider the record of conviction in making the initial prima facie determination.  (*Verdugo, supra*, 44 Cal.App.5th at p. 332.) Had the court not ordered the parties to submit briefs on Lawson's petition, there would be no question the court properly could have considered the record and determined, without appointing counsel, Lawson was ineligible for relief as a matter of law.  (See *Tarkington, supra,* 49 Cal.App.5th at pp. 901-902 [superior court did not err in summarily denying a petition under section 1170.95 without appointing counsel where the petitioner was "ineligible as a matter of law"]; *Verdugo,* at pp. 332-333 [if "the petitioner has failed to make the initial prima facie showing required by subdivision (c), counsel need not be appointed"].)  But the court ordered briefing, effectively proceeding to the next step in the analysis.  As the People concede, this was error; the court must appoint counsel when ordering briefing.  (*Verdugo,* at p. 332.)  The superior court violated Lawson's statutory right

under section 1170.95 to have a lawyer to represent him in responding to the People's brief.[5]

C. *The Superior Court's Error Was Harmless Because Lawson Is Ineligible for Resentencing Under Section 1170.95 as a Matter Of Law*

The superior court denied Lawson's petition to vacate his felony murder conviction, ruling Lawson was ineligible for relief because the jury in his trial necessarily found he had the intent to kill when the jury found true the robbery special circumstance allegation. The jury instruction the court gave at trial, CALJIC No. 8.81.17 (1984 rev.), required a finding Lawson had the intent to kill: "To find that the special circumstance referred to in these instructions as murder in the commission of robbery, is true, it must be proved [¶] 1a. That the murder was committed while the defendant was [engaged in] the [commission] of a robbery; [¶] 2. That the defendant [intended to kill a human being]; [¶] 3. That the murder was committed in order to carry out or advance the commission of the crime of robbery or to facilitate the escape therefrom or to avoid detection."

Because the jury necessarily found Lawson "intended to kill a human being" when he committed the robbery, he could still be convicted of murder under amended section 189, subdivision

---

[5] The superior court also erred in setting the hearing on the petition for the same day the People's response to the petition was due. Section 1170.95, subdivision (c), gives the prosecutor 60 days to file and serve the response and the petitioner 30 days to respond to the People's response. The court set the hearing for a date that was before Lawson would have filed his brief.

(e)(2).[6]  (See *Tarkington, supra*, 49 Cal.App.5th at p. 899 [petitioner who was the actual killer was ineligible for resentencing under section 1170.95 because he was convicted under "a theory that survives the changes to sections 188 and 189"].)  The appointment of counsel would not have changed the fact Lawson is ineligible for relief under section 1170.95 as a matter or law.  (See *People v. Law* (2020) 48 Cal.App.5th 811, 826 [any error in failing to appoint counsel under section 1170.95 was harmless beyond a reasonable doubt because, "[g]iven the trial evidence, counsel would not have been able to demonstrate in a reply brief or otherwise" the petitioner was eligible for relief], review granted July 8, 2020, S262490.)  Because Lawson does not fall within the provisions of section 1170.95, the superior court's errors were harmless under the state law error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836.  (See *Edwards, supra*, 48 Cal.App.5th at p. 675 [any error in not appointing counsel in a section 1170.95 petition was harmless under *Watson* where the petitioner did not "fall within the provisions of section 1170.95 as a matter of law"]; *In re Melvin A.* (2000) 82 Cal.App.4th 1243, 1252 ["violation of a statutory right to counsel is properly reviewed under the harmless error test enunciated in *People v. Watson*"]; see generally *People v. Epps* (2001) 25 Cal.4th

---

[6]      As stated, the superior court also found Lawson may have been the actual killer.  But because the jury found Lawson personally used a firearm, rather than personally and intentionally discharged a firearm causing great bodily injury or death, the People concede "it is theoretically possible that the jury found [Lawson] was armed with a firearm during the robbery in which the victim died, but did not actually fire the killing shot."

19, 29 [when the error is "purely one of state law, the *Watson* harmless error test applies"].)[7]

## DISPOSITION

The order is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.

---

[7] Contrary to Lawson's contention the superior court did not violate his constitutional right to counsel. The relief afforded by section 1170.95 is "not subject to Sixth Amendment analysis. Rather, the Legislature's changes constituted an act of lenity that does not implicate defendants' Sixth Amendment rights." (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156; accord, *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1114-1115, review granted Nov. 13, 2019, S258175.)