Filed 3/12/24  P. v. Maldonado CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>THOMAS MALDONADO,<br><br>     Defendant and Appellant. | D081541<br><br><br>(Super. Ct. No. SCE408470) |


APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Thomas Maldonado of arson of property (Pen. Code, § 451, subd. (d)),[1] together with other offenses not relevant to this appeal.

Maldonado appeals. He contends (1) the evidence does not support his arson conviction; and (2) the trial court committed instructional error by failing to instruct the jury as to "wrongful act." We disagree with the first contention and conclude he forfeited the second by failing to offer a pinpoint instruction in the trial court. Accordingly, we affirm.

FACTS

Maldonado lived on a piece of property that was managed by his mother, R.M., and owned by a third party. He lived rent-free at the property in exchange for helping out as needed, including yard work. At least on one occasion, he had received a tax form (form 1099) for his work on the property. Many months before the date of the charged incident, while doing yard work on the property, R.M. and her sister had piled up branches and shrub cuttings in the backyard, intending to remove them at some future date.

On August 28, 2021, a neighbor called R.M to let her know about smoke on the property. R.M. promptly drove there and saw white smoke coming from the back. When she ran to the backyard, R.M. saw Maldonado pouring lighter fluid on some of the dead shrubs in the yard. R.M. testified that she had never instructed Maldonado to burn anything in the yard. She saw some areas that had already been burned, and she saw smoke but not flames.[2] Hoses were running and the ground was wet. No structures had burned, and there was no property damage. Maldonado told her to "get the hell out of

_____

1    Further statutory references are to the Penal Code unless otherwise specified.

2    Deputy Sheriff Anel Rodriguez testified that R.M. told him that she had seen flames.

2

here." Then he ran towards her, picked up a pipe, and struck the fence she was standing behind. Maldonado told R.M., "If you don't get out of here I'm going to kill you." R.M. testified that Maldonado "walked back to the stuff he was burning, almost like he was going to start the fire, and [she] said, 'If you start the fire, I'm going to call the police.' " Maldonado tried to take R.M.'s phone from her, but she ran from him and called 911. The arresting officers found a Bic lighter at the scene and observed a "smoldering" section of dry vegetation in the yard, approximately 10 feet by 10 feet in size.

Maldonado was charged in an amended complaint with one count of arson, in violation of section 451(d), along with other offenses not relevant to this appeal.

At trial, the prosecution had proposed an instruction to accompany the arson instruction, namely that "[b]urning trash that does not belong to the defendant is arson. There's no requirement for arson that the property belong to anyone." The defense objected to the proposed instruction, contending that there was no evidence that the burned items were "trash." The court instructed the jury with arson, together with the prosecution's proposed instruction, as follows:

> "Mr. Maldonado is charged in Count 1 with arson. This is a violation of Penal Code Section 451(b). To prove this crime the People have to prove the following: One, the defendant set fire or burned or caused the burning of property; and, two, he acted willfully and maliciously. To set fire to or burn means to damage or destroy with fire either all or part of something, no matter how small. Someone commits an act willfully when he does it willingly or on purpose. [¶] Someone acts maliciously when he does a wrongful act or an act with unlawful intent to defraud, annoy, or injure someone else. Property means personal property or land other than forest land. A person does not commit arson if the only thing burned is [his] or her own personal property unless he acts with intent to defraud or

3

the fire also injures someone else or someone else's structure, forest land, or property."

As requested by the prosecution, the court also instructed the jury that "[b]urning trash that does not belong to the defendant is arson. There's no requirement for arson that the property belong to anyone." The court redacted a case citation that had been included with the proposed instruction.

During deliberations, the jury sent a note that read, "Count 1 – 'Someone acts maliciously when he or she intentionally does a wrongful act.' Wrongful act definition?" (!CT 58)! After consulting with counsel, the court responded, "You are referred to jury instruction 200, wherein it is stated: 'words and phrases not specifically defined in these instructions are to be applied using their ordinary, everyday meanings.' "

The jury convicted Maldonado of all counts, including the arson count.

DISCUSSION

I

*Sufficiency of the Evidence*

On appeal, Maldonado argues that the evidence was insufficient to prove that he acted maliciously, because he was paid to maintain the property and therefore "the debris piled in his yard was effectively his to dispose of." Put another way, by virtue of his work status on the property, Maldonado "exercised some dominion and control over the property, including effectively taking ownership of the yard debris he burned" and therefore he could not have acted maliciously when he set fire to it.

" 'In reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [Citation.]' [Citation.] " ' "[O]ur role on appeal is a limited one." [Citation.] Under the substantial evidence

4

rule, we must presume in support of the judgment the existence of every fact that the trier of fact could reasonably have deduced from the evidence.' " (*In re V.V.* (2011) 51 Cal.4th 1020, 1026 (*V.V.*).)

In California, the crime of arson is defined by statute: "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned . . . any structure, forest land, or property." (§ 451.) As noted above, Maldonado contends on appeal that the evidence failed to show that he acted "maliciously" as used in the statute.

" 'Maliciously' imports a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law." (§ 450, subd. (e).) "In determining whether the second type of malice ('intent to do a wrongful act') is established for arson, malice will be presumed or implied from the deliberate and intentional ignition or act of setting a fire without a legal justification, excuse, or claim of right." (*V.V.*, *supra*, 51 Cal.4th at p. 1028.)

"[A]rson's 'willful and malice requirement ensures that the setting of the fire must be a deliberate and intentional act, as distinguished from an accidental or unintentional ignition or act of setting a fire; " 'in short, a fire of incendiary origin.' " [Citations.] "Because the offensive or dangerous character of the defendant's conduct, by virtue of its nature, contemplates such injury, a general criminal intent to commit the act suffices to establish the requisite mental state." [Citation.] Thus, there must be a general intent to willfully commit the act of setting on fire under such circumstances that the direct, natural, and highly probable consequences would be the burning of the relevant structure or property.' " (*V.V.*, *supra*, 51 Cal.4th at p. 1029; see *Mason v. Superior Court* (2015) 242 Cal.App.4th 773, 785 ["A necessary consequence is not required."]; see also *People v. Atkins* (2001) 25 Cal.4th

5

76, 89 [arson requires only "a general intent to willfully commit the act of setting on fire under such circumstances that the direct, natural, and highly probable consequences would be the burning of the relevant structure or property"].)

Viewing the evidence in the light most favorable to the prosecution, as we must, we conclude the jury could reasonably find that Maldonado acted with malice, i.e. wrongfully, when he intentionally set fire to the lawn debris. All of the evidence showed that he had acted intentionally when he burned the brush debris in the yard; and any suggestion that his action was not malicious, i.e. not a wrongful act, is belied by his angry, defiant and aggressive response to R.M., his supervisor and mother, when she instructed him to desist. Certainly Maldonado could have argued to the jury that he did not act wrongfully when he burned the yard debris, even though he did not seek or obtain permission from the property owner or from R.M. before starting to ignite the piles of debris. Nonetheless, the jury may have reasonably inferred that angrily telling R.M. to leave and then acting as if he intended to resume the burning despite her orders to stop showed Maldonado's wrongful intent to conduct the burning against the wishes and direction of the property owner.

Accordingly, we conclude that substantial evidence support's Maldonado's conviction for arson.

II

*Instructional Error / Response to Jury Note*

Maldonado further contends that the trial court committed instructional error by failing to instruct the jury as to "wrongful act". Specifically, Maldonado argues that "the trial court had a sua sponte duty to

instruct the jury on what constitutes a wrongful act and in turn, how to determine legal justification, excuse, or claim of right to burn property."

We review instructional error using a de novo standard of review. (*People v. Fiore* (2014) 227 Cal.App.4th 1362, 1378; *People v. Manriquez* (2005) 37 Cal.4th 547, 584.)

Respondent points out that Maldonado did not request an instruction as to "wrongful act," either in the initial jury instruction conference or in response to the jury's question, and further, that Maldonado acquiesced in the court's response to the jury's question. As a result, Respondent contends, Maldonado has forfeited this argument on appeal. However, if, as Maldonado contends, the court had a sua sponte duty to instruct on "wrongful act," then it cannot be said that he forfeited the argument. (See *People v. Delgado* (2013) 56 Cal.4th 480, 488 [even in the absence of a request, the court must instruct the jury on relevant issues necessary for the jury's understanding of a case].)

Contrary to Maldonado's assertion, the court did not have a sua sponte duty to further define the prosecution's burden to prove a wrongful act. Maldonado cites to no authority in support of this proposition, and we are not aware of any such authority. Instead, when a defense is in effect a dispute as to the sufficiency of the evidence as to an element of the offense, the court does not have a sua sponte duty to instruct on the defense. (*People v. Hussain* (2014) 231 Cal.App.4th 261, 269 [" ' "when a defendant presents evidence to attempt to negate or rebut the prosecution's proof of an element of the offense, a defendant is not presenting a special defense invoking *sua sponte* instructional duties" ' "].)

Absent a sua sponte instructional duty, the defense is free to offer a pinpoint instruction, *Hussain*, *supra*; but no such instruction was offered to

the trial court (or articulated in this appeal).  Thus, we agree with Respondent's contention that Maldonado has forfeited this argument.  (See *People v. Jennings* (2010) 50 Cal. 4th 616, 675.)

DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.